(65 App. Div. 202.)

CULLINAN, Com'r of Excise, v. TROLLEY CLUB et al.

(Supreme Court, Appellate Division, First Department. November 8, 1901.)

1. INTOXICATING LIQUORS—PROHIBITED SALES—BONA FIDE CLUB.

Witnesses testified that, on entering defendant's place of business, they passed through the room where the bar was situated, into a rear room, where tables were placed around the sides, and seated thereat were men and women, and that the center of the room was used for dancing. Witnesses ordered whisky, and paid for the same, and on leaving the place were compelled to go out by a side entrance, the barroom door being locked. During the time they were there, men and women constantly passed in and out, and the waiters sold liquor to all who ordered. *Held*, that defendant was not a bona fide club, and as such entitled to sell liquor on Sunday, under Liquor Tax Law, § 31.

2. SAME—WITNESSES—CREDIBILITY—INSTRUCTIONS.

In an action to recover the penalty for violation of the liquor tax law, wherein special agents appointed by the state commissioner of excise under Liquor Tax Law, §§ 10, 38, charging them with the duty of investigating violations of the law, and subjecting them to a penalty for failure to perform their duty, were witnesses as to such violation, the court charged that the evidence was by persons hired to obtain evidence, and subject to scrutiny. *Held* error, as such witnesses were in no sense detectives, but public officers.

3. SAME—EXCISE AGENTS—INSTRUCTIONS.

It was error to refuse to charge that under the excise law of the state the excise agents draw a regular salary, and have no financial interest whatever in the outcome of the case, whatever the verdict might be, as plaintiff was entitled to a charge showing the officers' relation to the case.

4. SAME—EVIDENCE—INSTRUCTIONS.

Where, in an action for a penalty for infraction of the liquor law, defendant's barkeeper and waiter testify that the place was run on Sunday, that their hours of work were the same on such day as any other, and that they sold to any one who ordered, an instruction that the evidence offered by defendant is of persons who say that the place was never opened Sunday, because it closed at 12 o'clock Saturday nights, is erroneous and prejudicial to plaintiff.

**5. SAME—BONA FIDE CLUB—INSTRUCTIONS.**

    In an action for a penalty for infraction of the liquor law, the evidence showed that defendant was not a bona fide club, so as to be entitled to sell liquor to members on Sunday under Liquor Tax Law, § 31, and the main charge merely submitted the question whether sales were made on a certain Sunday, as claimed. After retiring, the jury requested to be informed if defendant was licensed as a club, whereupon the court, after answering the same "No," instructed that clubs are not licensed as such, but that duly-incorporated social associations are excepted from the prohibition of traffic in liquors on Sunday, in so far as distribution to or for members is concerned, and refused to instruct that there was no evidence that defendant was a bona fide club. Further colloquy arose as to the license, and the jury returned a verdict for defendant without leaving their seats. *Held*, that the giving of such instruction was erroneous, as it was evident that the jury had lost sight of the question submitted in the body of the charge.

Appeal from trial term, New York county.

Action by Patrick W. Cullinan, as state commissioner of excise, against the Trolley Club and others. From a judgment for defendants, and an order denying a motion for a new trial, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, O'BRIEN, INGRAHAM, and McLAUGHLIN, JJ.

Herbert H. Kellogg, for appellant.

Alfred R. Page, for respondents.

HATCH, J. This action was brought to recover the penalty of a liquor tax bond given by the defendant the Trolley Club, as principal, and the defendants Walz and Marcus, as sureties, upon the Trolley Club's application for a liquor tax certificate to traffic in liquors under subdivision 1 of section 11 of the liquor tax law (chapter 29 of the General Laws). It is averred in the complaint that the Trolley Club violated the liquor tax law by sales of liquor to special agents of the excise department on February 3, 1900, between the hours of 1 and 5 o'clock a. m., and on Sunday, February 4, 1900. The evidence given to support the averments of the complaint is found mainly in the testimony of three special agents appointed by the state commissioners of excise pursuant to the provisions of section 10 of the liquor tax law. These agents visited the place of business of the defendant club on Saturday, the 3d day of February, 1900; and their testimony is to the effect that they arrived at the place shortly after midnight, and remained until about 2 o'clock Sunday morning. On entering the place these witnesses passed through the room where the bar was situated, into a rear room, separated from the bar by a partition. In the latter room tables were placed around the sides, and seated thereat were men and women; the center of the room being clear of tables or other obstructions. Each of these witnesses, during the time they were in the place, ordered and were served with whisky, for which they paid the waiter who received the orders and delivered the drinks. From time to time the center of the room was cleared and used for dancing by some of the occupants of the room. The music was furnished by players upon a piano and violin located at the rear end, and from

time to time two or three men sang songs to a piano accompaniment. When these witnesses left the room the barroom door was locked, and they were compelled to leave by a side entrance, which was open, and had so remained during the time they were there, and during this time men and women were constantly passing out and coming in by means of this entrance. There was no sufficient evidence given upon the part of the defendant from which it could be found that the defendant was a bona fide club, and as such entitled to sell liquor on Sunday. The witnesses for the plaintiff were not members of this club, nor had they ever heard of it, and the waiters and other employés about the concern sold to whoever came and ordered liquor. It is perfectly evident from the proof that the club existed only as a name, and in no respect did it answer to the requirements prescribed for a bona fide organization of that character. On the contrary, it is quite evident that it possessed all the characteristics of a dance hall, and was a place of resort for women of loose morals. If the witnesses upon the part of the plaintiff were entitled to belief, it is clear that the plaintiff established a cause of action, and was entitled to a judgment pursuant to the terms of the bond.

In submitting the case to the jury the learned judge charged:

"The evidence submitted on behalf of the state is by persons hired to obtain evidence. That is their business. The evidence of persons whose occupation is to obtain evidence is always subject at least to scrutiny on the part of the gentlemen of the jury, who are called upon to say whether they believe them or not."

To this charge an exception was taken by the plaintiff, and the court was requested to charge that "under the excise law of the state the excise agents draw a regular salary, and have no financial interest whatever in the outcome of this case, whatever the verdict might be." The court charged, in answer to this request, "that under the excise law of the state the excise agents draw a regular salary." The plaintiff excepted to the refusal to charge as requested.

We are of opinion that the charge first above quoted was error, and that it was also error for the court to refuse to charge as requested. These witnesses were officers of the state, charged with the duty of investigating violations of the excise law, and of generally supervising persons engaged in the liquor traffic under a liquor tax certificate granted pursuant to law, and were subject to certain penalties for failure to properly perform their duty. Sections 10 and 38 of the liquor tax law. They were in no sense hired to obtain evidence, nor does such duty devolve upon them; nor are they in any sense detectives, to which class of witnesses the language of the charge would have been applicable. There is a marked distinction between a public officer, charged with the duty of seeing that the laws are enforced, and vested with power and authority to investigate violations of the law, and a private detective hired to procure evidence of the violation of law at the instance and for the benefit of private persons. People v. Roosevelt, 2 App. Div. 498, 37 N. Y. Supp. 1083. The charge of the court applied the rule applicable to the latter class of persons to these officers, and such application was

erroneous and clearly prejudicial. The plaintiff was entitled, under its request, to a charge showing the relation of these officers to the case. Indeed, upon such subject he was entitled to a much more full and complete charge as to the status of these officers, and the rule to be applied in weighing their testimony, than the request contained.

The court also charged:

"The evidence offered by the defendant is of persons who say that the place was never opened after one o'clock on any day, and never on Sunday, because it closed at twelve o'clock Saturday night. You will go over all the evidence, which really goes to a very narrow issue, and determine which of the two sets of witnesses you credit."

To this charge the plaintiff excepted. The charge itself was clearly erroneous, as matter of fact, as the barkeeper of the defendant club testified that the club ran on Sunday nights; that he reached there at 1 o'clock Sunday afternoon; that he had the same hours on Sunday as any other day; and that he used to sell drinks to anybody who wanted to buy them; and Barron, a waiter, testified that he served liquor on Sundays as well as other days; that there was no difference between Sundays and other days in this respect, except that on Sunday people came through the side entrance. In view of this testimony, the charge of the court would seem to have been prejudicial to the plaintiff.

The case also presents another difficulty. In the main charge the jury were instructed that they were only to determine a single question of fact; i. e. were sales of liquor made after 1 o'clock on Sunday, February 4th? After the jury had retired they communicated with the court, and requested to be informed (1) if the defendant is licensed as a club; (2) did one of the inspectors testify that the license was seen by him in the place at about the time referred to? and (3) was the license in force at the time? The jurors were brought back, and the court answered the first question "No," and followed this by a statement that licenses were not given to clubs, as such, but to corporations and associations formed for social and recreative or similar purposes, and that such associations might "be excepted from the prohibition as to the traffic in liquor at certain times, if there be merely a distribution of liquor to members of the club, or to other persons on behalf of members." To the second question the court stated that he thought the inspector testified that he saw the license in the place on February 9th, and, lastly, that the license was in force at the time, as it had not been revoked. To the charge of the court under the first question, plaintiff's counsel took an exception to everything except to the answer "No." The court asked how counsel would like to have it stated, and counsel requested the court to charge that there was no proof that the defendant the Trolley Club was organized and in existence as a club, within the meaning of section 31 of the liquor tax law, at the times in question, and that there was proof that it was not a club, as the special agents were not members, and the general public was admitted to the place. The court declined so to charge, to which an

exception was taken. The court then directed, "Strike out all of the first answer after the word 'no,' " and then proceeded to charge—

"That clubs are not licensed as such, but that duly-incorporated associations, the objects of which are social and recreative, and objects of similar character, are excepted from the prohibition as to the traffic in liquors on Sunday under certain circumstances, in so far as the distribution of liquors is to members of the club, or by members of the club, and only when the distribution of liquor is to or by or for members of the club or corporation."

Counsel for the plaintiff then stated:

"I add to that that the witnesses in behalf of the plaintiff were not members of the Trolley Club."

The court charged:

"I will leave the evidence in the case to the recollection of the gentlemen of the jury. I am willing to say that they stated that they were not."

Plaintiff's counsel again took an exception to the charge upon this subject, except as to the answer, "No." At this point the foreman of the jury intervened, and said:

"That the minds of some of the jurors may not be befogged by the law point that has been raised here, may I take the liberty of asking a further question: Did the testimony show that the license was granted on the application of Mr. Quigley, the president of the club?"

Plaintiff's counsel replied, "It does." The foreman then asked, "To whom was the license issued?" to which the court replied, "The application was in the name of the Trolley Club." The foreman of the jury then announced that the jury had agreed upon their verdict. After some further colloquy the plaintiff's counsel asked the court to charge—

"That there is no evidence that the defendant, the principal, was organized and existed as a club at the times in question, February 3 and 4, 1900, and that it was upon the defendants, in order to entitle them to the privilege accorded to clubs, to both plead and prove that they had, in every respect, complied with the statute organizing social clubs, and that the defendant did not offer any such proof."

The court declined to charge their request as stated.

"Plaintiff's Counsel: Will your honor charge that, in order to have had the benefit of the exception in favor of clubs, it was incumbent on the defendant to show that it was organized in good faith under chapter 559 of the Laws of 1895, or under any law which prior to May 6, 1895, provided for the organization of societies or clubs for social, recreative, or similar purposes, and it was also incumbent on the defendant the principal to prove that the defendant's certificate of incorporation was duly filed prior to March 23, 1896, and that at that date it trafficked in or distributed liquors among the members thereof? The court: It was incumbent on the defendant to show, unless otherwise shown in the case. Change it that way, and I will charge it. Plaintiff's Counsel: Also that, if the defendant had ever had the privileges of a club, it lost them if it sold liquors to persons who were not members of that club, as has been testified to by the witnesses for the plaintiff in this case. (Declined. Plaintiff excepts.)"

The jury thereupon rendered a verdict in favor of the defendants without leaving their seats.

As before observed, the main body of the charge simply submitted the question as to whether or not sales were made on Sunday, February 4th, as claimed by the plaintiff. Not a word was said upon

the subject of the defendant's being a bona fide club, and as such entitled to the protection of the exception contained in section 31 of the liquor tax law. It was injected into the case by the inquiry which came from the jury; and in the charge of the court, and the colloquy which ensued between court, counsel, and jury in answer to these questions, it is evident that the question, at least so far as the jury was concerned, submitted in the body of the charge, was quite lost sight of, and the jury were permitted to determine the issues upon the consideration as to whether or not the defendant was a bona fide club. The defendant pleaded that it was such, but the proof given upon the trial demonstrated that it was a mere dance hall, and therefore entitled to no benefit as a club. The requests to charge upon this subject made by counsel for the plaintiff were entirely proper, and should have been granted, and the jury should have been instructed that there was no evidence upon which they could found a verdict exempting the defendants from liability based upon the defendant being a bona fide club. It is quite evident from the charge that the jury may well have thought that, if the defendant took out a license as a club, it had the right to make the sales which it did make. The submission of this question to the jury, therefore, was erroneous.

It follows from these views that the judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.