First Appellate Department, November, 1901. Reported. 65 App. Div. 614.

HENRY H. LYMAN, as State Commissioner of Excise of the State of New York, Respondent, against DOBIE R. HARLEY and the United States Fidelity and Guaranty Company, Appellants.

*Louis Marshall* for appellant.

The obligee having contrived to bring about a breach of the condition of the bond, such breach cannot be made a ground of forfeiture against the surety. (*Lyman* v. *Gramercy Club,* 28 App. Div. 35; *Lyman* v. *Broadway Garden Hotel Co.,* 33 App. Div. 130; *Lyman* v. *Shenandoah Social Club,* 39 App. Div. 459; *Lyman* v. *Schermerhorn,* 53 App. Div. 32; *Mayor* v. *Dickerson,* 45 N. J. 38; *Newark* v. *Stout,* 52 N. J. Law, 35; *Watts* v. *Shuttle worth,* 5 H. & N. 246; *Black* v. *Ottoman Bank,* 15 More P. C. 472; *Madden* v. *Mullen,* 13 Ir. C. L. R. 305; *Riggs* v. *Palmer,* 115 N. Y. 506; *Ford* v. *City of Denver,* 51 Pac. Rep. 1015; *People* v. *Draisted,* 58 Pac. Rep. 796; *Walton* v. *Canon City,* 59 Pac. Rep. 840.) The court erred in denying defendant's request to go to the jury on the question of the credibility of the testimony of the special agents. (*Moller* v. *Moller,* 115 N. Y. 466; *Berry* v. *People,* 13 Albany L. J. 336; *Commonwealth* v. *Downing,* 4 Gray, 29; *Elwood* v. *West. Un. Tel. Co.,* 45 N. Y. 553; *Kochler* v. *Adler,* 78 N. Y. 291; *Wohlfahrt* v. *Beckert,* 92 N. Y. 497; *Goldsmith* v. *Caverly,* 75 Hun, 48; *Canajoharie Bank* v. *Diefendorf,* 123 N. Y. 191; *Matter of Seagrist,* 1 App. Div. 617, affd. 153 N. Y. 682.)

*William Vanamee,* for respondent.

The action of the special agents was entirely proper and was necessary in making the investigations required by law. (*Lyman* v. *Oussani,* 33 Misc. 409, reversed on other grounds.)

There was no error in directing a verdict upon their uncon-tradicted evidence. (*Cullinan* v. *Trolley Club,* 65 App. Div. 202; *Hemmens* v. *Wilson,* 138 N. Y. 517; *Leinkauf* v. *Lombard,* 137 N. Y. 417.)

The plaintiff, as State Commissioner of Excise, was not estopped from bringing suit on behalf of the people, the obligee, under this bond merely because he directed his confidential special agents to investigate the place for which the bond was

given and obtain evidence of any violation of the law there, as by buying liquors unlawfully for sale.

Order modified by striking out interest, and as modified affirmed, without costs to either party. No opinion.