NEW YORK STATE ELECTRIC AND GAS CORPORATION, Plaintiff, *v.* MILO R. MALTBIE and Others, as Members of and Constituting the Public Service Commission of the State of New York (Department of Public Service), Defendants.

Supreme Court, Albany County, May 11, 1933.

*Travis, Paxson, Wallace & Philbin,* for the plaintiff.

*Charles G. Blakeslee,* for the defendants.

BLISS, J. This is a motion by the defendants to dismiss the complaint on the ground that it fails to state facts sufficient to constitute a cause of action and that the court has not jurisdiction of the subject of the action.

The plaintiff sues in equity for an injunction restraining the defendants from in any way enforcing a certain order made by the defendants in a proceeding before them. It is the contention of the plaintiff that this order is without the jurisdiction of the defendants and deprives it of its property without due process of law, deprives it of equal protection of law and impairs the obligation of plaintiff's contracts, all in violation of the State and Federal Constitutions.

The order among other things provided that the plaintiff should

make no further payments on certain engineering, construction, management, supervision, operation, supply, purchasing on consignment, auditing and advertising contracts dated prior to April 24, 1930, and should make no further charges in its fixed capital or operating expense accounts for fees, services and/or expenses on said contracts unless the plaintiff charged such payments for such services and/or expenses directly against profit and loss, it being the intent of such order that such payments were to be borne directly and solely by the stockholders of the plaintiff; that the plaintiff should not amend or extend any existing contract or agreement with certain companies providing for the payment of any sums of money for managing, engineering, purchasing, auditing, advertising, sale of residual and/or so-called system expenses, until such amendment or extension had been submitted to or approved by the Commission; that the plaintiff should neither permit nor require any employee to devote any part of said employee's working time for which compensation is paid by the operating utility to the sale or exchange of any securities not actually issued by the operating utility by which said employee might at the time be employed; and that the plaintiff should prepare and furnish to the Commission within sixty days after the date of the service of said order a statement showing the amount of working time of any employees who during the years 1930, 1931 and 1932 were engaged in selling or exchanging securities not actually issued by said operating utility, together with a complete statement as to what capital and/or operating expense account the payroll time of such employees was charged during said years.

The defendants contend that the only remedy of the plaintiff is to have its order reviewed by certiorari and that it cannot be attacked in an equitable action for an injunction. It was held in *Municipal Gas Co.* v. *Public Service Commission* (225 N. Y. 89) that when constitutional immunities are threatened the judgment of the courts might be invoked. This determines in favor of the plaintiff the question as to whether this court has jurisdiction of the subject of the action.

The next question is whether the complaint states facts sufficient to constitute a cause of action. It alleges that the plaintiff's constitutional rights have been violated and sets up facts which construed most favorably to the plaintiff would indicate that the plaintiff is correct in such contention. There is no need for this court to pass upon all of the challenges of the plaintiff against the order involved. If any one of them is sufficient, then the complaint itself is sufficient. I fail to find any authority permitting the Public

Service Commission to restrain the plaintiff from making payments on engineering, service or similar contracts entered into before April 24, 1930. Subdivision 3 of section 110 of the Public Service Commission Law,* which authorizes the Commission to disapprove of management, construction, engineering or similar contracts, first became effective on April 24, 1930, and so far as appears from the court's examination of the law and from the briefs submitted there was no such authority in the Public Service Commission before this law was enacted. If, as is alleged in the complaint, there were outstanding valid contracts of this nature before this law became effective, the parties to such contracts are bound by them, may execute them and there is no authority in the Public Service Commission to prevent payments under them. The complaint shows that some of these contracts were dated as early as 1929 and the plaintiff is forbidden from making any payments under these contracts and from making any charges in its fixed capital or operating expense accounts for such payments unless it charges the same directly against profit and loss. It is alleged that some of the payments already made under these contracts or to be made under them are in part for the cost of additions to fixed capital and have already been entered in fixed capital accounts. If this allegation is true, and assume it we must, then the record of those transactions should properly be charged to fixed capital. The object of all bookeeping is to truthfully record the transaction. On the question of these payments alone it appears on the face of the complaint that the order of the Public Service Commission is beyond its jurisdiction and that it does tend to impair the contracts of the plaintiff. The refusal of plaintiff to make payments for which it had already contracted would render the plaintiff subject to litigation.

As is stated above, if the complaint shows that the order violates the plaintiff's constitutional rights in any one particular, then the complaint must be upheld. It does appear that the complaint does violate the plaintiff's contractual rights in this particular. Consequently the motion must be denied.

In the light of this decision the court does not deem it necessary to pass upon the other questions involved.

Motion denied, with ten dollars costs.

Plaintiff may submit an order accordingly.

---

*Now Public Service Law.