Louis Kaminsky, as Administrator, etc., of Reuben Kaminski, First Name Sometimes Designated " Rubin," Deceased, Appellant, v. The State of New York, Respondent.   (Claim No. 21649.) — Appeal from a judgment of the Court of Claims dismissing the claim.   Claimant's decedent was sentenced to Sing Sing Prison and while there was attacked and stabbed by two other inmates who subsequently were convicted of felonies for causing his death.   In the argot of the underworld he had been a squealer.   An enabling act was passed permitting the filing of the claim against the State which provided that if it be found that such claim " is founded in right and justice or in law or equity against the State " or that the death of said deceased was " caused by reason of the carelessness or negligence of the agents, servants, officers or employees of the State   *   *   *   the State shall be deemed to have been liable therefor."   (Laws of 1930, chap. 875.)   Appellant asserts that the State was negligent in that it failed to appropriate sufficient money to provide adequate guards and in that its representatives failed to cause to be made adequate search in the prison and of the inmates to discover concealed knives and weapons; that it was negligent to confine deceased with other convicts, comprising so great a percentage of murderers and " killers," and that the State failed to take adequate measures to prevent the happening of the assault; that irrespective of negligence the claim is founded in equity, right and justice.   Judgment unanimously affirmed, without costs. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.

Thomas O'Dowd, Respondent, v. The State of New York, Appellant. (Claim No. 23339.) — This is an appeal from a judgment of the Court of Claims awarding damages in favor of claimant against the State for $6,751.01 and interest, arising out of the breach of a construction contract.   The claimant had a contract with the State for the laying of certain water and sewer lines at the Matteawan State Hospital, and furnishing the materials therefor.   After completing a part of the contract, claimant stopped work, alleging numerous breaches by the State. The Court of Claims has found that claimant did not abandon the contract; that the State's engineer, Joseph Davidson, was in charge of the work, and that he refused to co-operate with claimant in the performance of the contract, and in accordance with the requirements thereof; that the engineer in charge interfered with and hampered the claimant in his efforts to do his work, refused to perform the duties which the contract imposed on the engineer in charge, and compelled claimant unreasonably to do work and furnish material not called for by the contract; that the attitude and acts of the engineer in charge were unreasonable, tyrannical and unjust.   The evidence was ample to support the findings of the Court of Claims and to justify the claimant in his refusal to proceed with the work.   Judgment unanimously affirmed, with costs to claimant against the State.   Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.