American Equitable Corporation, Appellant, *v.* Florence C. Parkhill, Executrix, etc., of George A. Cassedy, Deceased, and Others, Respondents.

Third Department, October 27, 1937.

*Edgar S. Knox* [*Daniel H. Prior* of counsel], for the appellant.

*Jacob M. Frankel,* for the respondents.

BLISS, J.   The learned Special Term was of the opinion that an order made by the Surrogate's Court of Schenectady county on January 11, 1937, and affirmed by this court (*Matter of Parkhill* v. *American Equitable Corp.,* 250 App. Div. 809), was a final decree of a court of competent jurisdiction determining the same cause of action between the parties.   According to the complaint, the plaintiff is a creditor of the estate of George A. Cassedy, deceased; the assets of the estate are inadequate to pay the claims which have been allowed by the executrix against the estate; the defendant Florence C. Parkhill, as executrix of this estate, has transferred 598 shares of the capital stock of the defendant Schenectady George A. Cassedy Company, Inc., without fair consideration and with intent to defraud the creditors of the estate; she is serving as representative of the estate without bond and is not sufficiently responsible to account for the true value of the stock, and unless the sale and transfer are declared fraudulent and void and set aside the plaintiff and other creditors of the estate will suffer irreparable injury.   Judgment is asked that the sale be voided and the stock retransferred to the estate.

The previous appeal to this court was from an order of the surrogate of Schenectady county denying a motion made in that court by this present plaintiff.   The entire record is before us on this appeal.   The only party to that proceeding other than the appellant herein was the executrix.   The proceeding had been instituted by a petition and order to show cause which asked that the executrix be adjudged in contempt and removed and the alleged sale and transfer of these same shares of stock set aside and a conveyance back ordered.   No answer was made by the executrix.   She merely appeared by an attorney, failed to produce certain records required by the order to show cause and filed no papers in opposition to the motion.   After hearing the attorneys, the surrogate denied the motion in its entirety and directed the executrix to file a final

accounting " including the stock in question " and set the case down for further hearing. The surrogate was of the opinion that the proper remedy of the moving creditor was to examine the executrix on her accounting as to the stock in question and if it was found that the sale was at an unfair price, her accounts should be surcharged. The decedent had made a prior transfer of the same stock, shortly before his death, to his wife and daughter, the latter of whom is now the executrix. This transfer was attacked in Surrogate's Court by this same creditor as fraudulent and found to be so by a referee after a trial, but the surrogate refused to confirm the report. The transferees, however, reconveyed the stock to the executrix who then filed a supplemental account showing the transfer by private sale, which is here assailed. She failed to give the name of the new purchaser. The executrix continued in her refusal to reveal the name of the purchaser of the stock, so that the creditor was not in a position to urge a retransfer to the estate. The executrix and her attorneys persisted in this refusal until compelled by this court upon the argument of the appeal to furnish the name of the transferee.

The present action is in equity and is the first proceeding instituted by this creditor in which complete relief could be obtained by it. The order of the Surrogate's Court was not final. It left the alleged fraudulent sale and transfer of the stock by the executrix open to attack upon the accounting, in which proceeding the creditors of the estate were still free to show inadequacy of consideration, collusion and any other facts tending to establish that the sale was actually made in an attempt to defraud creditors. There was no issue joined before the surrogate upon the return of the order to show cause, no answer was made by the executrix and no trial had or determination made, upon the merits, of the issues raised in the present action. All the parties necessary to a complete determination of the cause of action contained in this complaint were not before the Surrogate's Court on the motion. The order did not purport to be final.

An order made upon a motion is not *res judicata* in the same sense as a judgment and the doctrine of conclusiveness of judgments does not apply with equal strictness to orders made on motions. (*Easton* v. *Pickersgill*, 75 N. Y. 599; *Bannon* v. *Bannon*, 270 id. 484.) The issues in an action can be determined only by a final judgment. (*Bannon* v. *Bannon, supra.*) A clear case of estoppel by prior adjudication should be made out before a party should be deprived of his day in court upon a substantial issue. Where it does not appear positively that an intermediate order has the essential element of finality, such order is insufficient to bar a determination

of the issues upon their merits. (See, also, *De Witt* v. *New York Central Railroad Co.*, 119 Misc. 456; affd., 206 App. Div. [3d Dept.] 638.)

The motion to dismiss the complaint was made on behalf of all of the defendants. Of the present defendants, only Florence C. Parkhill, as executrix, was a party to the proceeding in Surrogate's Court, so that the complaint should not under any circumstances have been dismissed as to the rest of the defendants.

The order appealed from should be reversed on the law and facts, with ten dollars costs and disbursements, and the defendants' motion to dismiss the complaint denied, with ten dollars costs. The plaintiff's motion for a temporary injunction should be granted, with ten dollars costs, upon such terms as to the Special Term may seem proper.

HILL, P. J., RHODES, McNAMEE and HEFFERNAN, JJ., concur.

Order reversed on the law and facts, with ten dollars costs and disbursements, and defendants' motion to dismiss the complaint denied, with ten dollars costs, and plaintiff's motion for a temporary injunction granted, with ten dollars costs, upon such terms as to security as to the Special Term may seem proper, and matter remitted to the Special Term for that purpose only.