FLORENCE CRONIN, as Administratrix, etc., of BARTLEY CRONIN, Deceased, Appellant, v. THE STATE OF NEW YORK, Respondent. (Claim No. 24027.) — Claimant has appealed from a judgment of the Court of Claims, entered in the office of the clerk of that court on October 4, 1937, dismissing her claim. The claim arose out of the death of Bartley Cronin, claimant-appellant's intestate, while an inmate of Great Meadow Prison at Comstock, N. Y., on April 14, 1935. On the date in question intestate was in the basement underneath the mess hall of the prison in violation of the rules and regulations of the institution; while there he was stabbed in the region of the heart, as the result of which he died. The evidence shows that the decedent was stabbed by a fellow convict whose identity is unknown, with a knife used as part of the kitchen equipment and furnished to prisoners to be used at meal times. The Court of Claims found that there was no negligence on the part of the State or its officers or agents. The evidence sustains the finding. (See *Kaminsky* v. *State of New York*, 245 App. Div. 904.) Judgment unanimously affirmed, without costs. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.

In the Matter of the Application of S. ROBERT KAHN, Petitioner, Appellant, for an Order Pursuant to Article 78 of the Civil Practice Act against THE BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondents.— Petitioner's license to practice medicine has been revoked by the Board of Regents. Petitioner is seeking a review under article 78 of the Civil Practice Act. The proof consisted of evidence given by female special investigators of the State Department of Education. Three investigators visited petitioner's office on separate occasions. On the occasion of each visit substantially the same procedure was followed by petitioner. He made a vaginal examination, advised the investigator that she was pregnant and that he was willing to perform an abortion, and fixed a date therefor. He received five dollars for the examination and agreed to perform the abortion in each case for the sum of one hundred dollars and ten dollars additional for the anaesthetic. The statute provides that the license to practice medicine may be revoked whenever a physician undertakes or engages "in any manner or by any ways or means whatsoever to procure or perform any criminal abortion." The acts proven and found by the Board of Regents justify a determination that that statute was violated. (*Matter of Herschman*, 233 App. Div. 884.) Determination of the Board of Regents unanimously confirmed, with fifty dollars costs and disbursements. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.