In the Matter of GEORGE ROTHENBERG, Petitioner, against BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondent.

Third Department, November 10, 1943.

*Brower, Brill & Tompkins,* attorneys (*Coleman Gangel* of counsel), for petitioner.

*Nathaniel L. Goldstein, Attorney-General (Orrin G. Judd, Solicitor-General; Wendell P. Brown, First Assistant Attorney-General, and Herbert A. Einhorn, Assistant Attorney-General, of counsel), for respondent.*

BLISS, J. Petitioner has been found guilty of undertaking to perform a criminal abortion on one Edna Aaron and of having actually performed such an operation on one Leona Lang.

The Aaron finding is based upon the testimony of Aaron and Bergh, both paid investigators of the Department of Education. There is serious doubt whether under the so-called substantial evidence rule this testimony is sufficient to sustain the determination when considered against the background of the entire record. The evidence of these investigators at best is not of a highly satisfactory nature.

Several errors were committed in restricting cross-examination by the accused. Questions relating to proper subjects were objected to by the witnesses themselves and were disallowed although trial counsel for the Department did not object. Subjects such as other employments and the like were not permitted. The hearing took place almost two years after the alleged Aaron offense and in the meantime these same investigators had made similar investigations in many other cases. Immediately after the alleged offense they had made written reports of the events. Copies of these reports were examined by them just prior to testifying. Petitioner sought to subpoena, examine and cross-examine with relation to these reports but all in vain. This court has previously indicated its disapproval of such rulings. These reports are not confidential and may have been extremely valuable for cross-examination purposes. This court can only speculate as to that. Although it would not compel the production of these reports or permit petitioner to examine them, the subcommittee which heard the charges examined them during the course of the trial. The reports themselves were not identified and do not appear in the record before us. All this was highly prejudicial to the petitioner.

The Lang charge was the actual performance of an abortion. This charge was presented to a Grand Jury which refused to indict. The Lang woman was not of good reputation and was a patent falsifier in several instances. If believed, her testimony may have been sufficient to make out a *prima facie* case. But here again previous written statements of the witnesses were denied to petitioner.

Petitioner did not have a fair trial as to either charge.

The determination and order should be annulled and matter remitted to the Board of Regents.

HEFFERNAN, J. (dissenting). I cannot accept the view of the majority in this case.

Petitioner's license has been revoked because of his violation of the provisions of section 1264 of the Education Law.

The Board of Regents found that petitioner on or about March 23, 1939, undertook and engaged to procure and to perform a criminal abortion on one Aaron and also that in the month of February, 1940, he undertook and engaged to perform a criminal abortion on one Lang and that he actually performed such abortion. It seems to me that the testimony is entirely sufficient to sustain the determination of the Board of Regents. Here as in the case of *Matter of Epstein* v. *Board of Regents* (267 App. Div. 27), decided herewith, the principal ground urged for reversal is that the witnesses for the Department of Education were paid investigators and hence that their testimony is unreliable. To my mind that criticism is frivolous. Because of the secrecy surrounding the performance of abortions it is difficult to obtain proof of the guilt of the offender. Of necessity resort must be had to paid investigators. There is nothing in the record in this case which justifies the conclusion that these witnesses are not worthy of belief. It would serve no useful purpose to analyse the sordid details in connection with the charges against petitioner. It is sufficient to say that the proof against him authorizes the determination under review. (*Matter of Kahn* v. *Board of Regents,* 254 App. Div. 798, affd. 281 N. Y. 684.) Then too it is very significant that petitioner did not avail himself of the opportunity to take the witness stand and deny the charges. His refusal to testify clearly shows that he was fearful of what the cross-examination would reveal. Surely an innocent man would have denied the charges.

It is also urged that because a Grand Jury failed to indict him on the evidence which is the basis of the Lang charge we ought not to sustain a revocation of his license. That point is without merit. The failure of the Grand Jury to indict is not a judgment and is not conclusive in this proceeding. (*Matter of Rouss,* 221 N. Y. 81; *Matter of Kaufmann,* 245 N. Y. 423; *Schindler* v. *Royal Ins. Co.,* 258 N. Y. 310.) Likewise the failure of the Grand Jury to indict is not a bar to the institution and prosecution of disciplinary proceedings. (*People ex rel. Wood* v. *Department of Health,* 144 App. Div. 629, affd. 202 N. Y. 610.)

Petitioner also contends that the proceeding should be annulled because the committee refused to permit him to

examine the reports of the witnesses. I think it would have been better practice if the committee had complied with petitioner's request. However in view of the overwhelming proof as to petitioner's guilt the error, if error there be, in the committee's ruling is entirely harmless.

The determination should be confirmed, with fifty dollars costs and disbursements.

HILL, P. J., and CRAPSER, J., concur with BLISS, J.; HEFFERNAN, J., dissents in a memorandum in which SCHENCK, J., concurs.

Determination and order annulled and matter remitted to the Board of Regents, with fifty dollars costs and disbursements to the petitioner against the respondents.