In the Matter of MAX EPSTEIN, Petitioner, against BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondent.

Third Department, November 10, 1943.

*William Sadoff,* attorney (*I. Maurice Wormser* of counsel), for petitioner.

*Nathaniel L. Goldstein, Attorney-General* (*Orrin G. Judd, Solicitor-General; Edward L. Ryan, Assistant Attorney-General,* of counsel), for respondent.

BLISS, J. This is another case in which a doctor's license to practice medicine has been revoked solely upon the testimony of paid departmental investigators. The effect of such evidence has been discussed in *Matter of Weinstein* v. *Board of Regents* (267 App. Div. 4), decided herewith. Here each investigator with obvious falsity, denied that she sought to trap petitioner, although each admitted that she gave him a false name and falsely stated to him that she was pregnant. Neither investigator was actually pregnant and one had passed the menopause. An abortion was never mentioned. The evidence is quite unsubstantial and there is a total lack of supporting facts. It would sustain neither a criminal conviction nor a verdict in a civil action.

The Board of Regents made no findings of fact. It merely concluded that the charges that petitioner on two separate occasions undertook to perform a criminal abortion on investigators Middleton and Berg respectively have been sustained. The charges are couched in the language of the statute. Such findings are inadequate and compel a remission to the Regents. (*Matter of Pollock* v. *Board of Regents,* 266 App. Div. 696; *Matter of Elite Dairy Products* v. *Ten Eyck,* 271 N. Y. 488.)

The cross-examination of the witness Middleton was unduly restricted by the hearing chairman, although no objection was made by counsel for the prosecution. We cannot tell what might have developed under this cross-examination had petitioner been permitted to proceed. Generally speaking, in quasi-judicial proceedings before administrative agencies where the same agency is both the prosecutor and judge, with the resultant tendency to predetermination, practically the only shield left to the accused is his right of cross-examination. Deprived of this, he stands defenseless before a tribunal predisposed to conviction. This right should therefore be preserved in full vigor.

The determination and order should be annulled and the matter remitted.

HEFFERNAN, J. (dissenting). I dissent and vote to confirm the determination of the Board of Regents. I entertain not the slightest doubt about the guilt of this petitioner. I also believe that the findings are entirely sufficient. The main argu-

ment for reversal is that the witnesses against petitioner were paid investigators and that their testimony is not corroborated. The fact is that these investigators are not private detectives. They are employees of the State of New York and performing the duties prescribed by the Department of Education. It is not necessary that there should be independent corroboration of their evidence as in the case of private detectives. (*Cullinan* v. *Trolley Club,* 65 App. Div. 202; *Farley* v. *Bronx Bath & Hotel Co.,* 163 App. Div. 459.)

HILL, P. J., and CRAPSER, J., concur with BLISS, J.; HEFFERNAN, J., dissents in a memorandum in which SCHENCK, J., concurs.

Determination and order annulled on the law and facts and matter remitted. [See *post,* p. 841.]