In the Matter of MAX EPSTEIN, Petitioner, against BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondent.

Third Department, March 7, 1945.

*William Sadoff,* attorney (*I. Maurice Wormser* and *William Sadoff* of counsel), for petitioner.

*Nathaniel L. Goldstein, Attorney-General* (*Orrin G. Judd, Solicitor-General; Henry S. Manley, Assistant Attorney-General* of counsel), for respondent.

HILL, P. J. The determination should be annulled and the matter remitted. Evidence given by detectives and those who, for hire, seek to entrap suspected persons, should be examined with care and weighed with prudence. (*Yates* v. *Yates,* 211 N. Y. 163; *Winston* v. *Winston,* 165 N. Y. 553.) Courts have placed a low estimate on the evidence given by paid detectives (*Moller* v. *Moller,* 115 N. Y. 466), but this is a guide for the judicial conscience rather than a rule of law. (*Yates* v. *Yates, supra.*) Cross-examination is a vital feature of our law, and the testimony of witnesses should be probed and subjected to that test. (*People* v. *Becker,* 210 N. Y. 274.) When this case was here before (267 App. Div. 27) we said: " The cross-examination of the witness Middleton was unduly restricted ". However, the petitioner has again been denied the right to cross-examine.

The determination should be annulled and the matter remitted.

HEFFERNAN, J. (dissenting). This is a review proceeding in the nature of certiorari under article 78 of the Civil Practice Act of a determination of the Board of Regents revoking petitioner's license to practice medicine.

The case was in this court on a former appeal when the determination of the Board was annulled by a vote of 3 to 2 (267 App. Div. 27). The prevailing opinion was written by Justice BLISS and concurred in by Presiding Justice HILL and

Justice CRAPSER. I wrote a short dissent in which Justice SCHENCK concurred. At the time of the decision in this case the court by the same vote annulled a determination in *Matter of Weinstein* v. *Board of Regents* (267 App. Div. 4). The prevailing opinion in that case was written by Presiding Justice HILL. Justice SCHENCK wrote a short dissent in which I concurred. An appeal was taken to the Court of Appeals in the *Weinstein* case and that court reversed our decision and reinstated the determination of the Regents (292 N. Y. 682). At the same session we decided *Matter of Rothenberg* v. *Board of Regents* (267 App. Div. 24). In that case the prevailing opinion was also written by Justice BLISS and concurred in by Presiding Justice HILL and Justice CRAPSER. I wrote a dissent in which Justice SCHENCK concurred.

In the case at bar the determination was annulled on three grounds: (1) that the testimony against petitioner was supplied by paid investigators; (2) that the findings were inadequate and (3) that the cross-examination of the witness Middleton was unduly restricted.

As I look at this case now only one question is involved. The decision of the Court of Appeals in the *Weinstein* case holding that the charges were sufficiently sustained is applicable here. The testimony in the *Weinstein* case as here was supplied by paid investigators. The sufficiency of the findings was not involved in the *Weinstein* case. In the case at bar after the remission new findings were made on the old record and their sufficiency is not now questioned. The point is made here that there is no corroboration of the paid investigators. Corroboration is unnecessary. (*Cullinan* v. *Trolley Club*, 65 App. Div. 202; *Farley* v. *Bronx Bath & Hotel Co.*, 163 App. Div. 459.)

The Court of Appeals having accepted the testimony of the paid investigators in the *Weinstein* case compels a like conclusion in this case.

That leaves open only the single question as to whether or not the cross-examination of Middleton was improperly restricted. That question is an open one in this court. (*Bannon* v. *Bannon*, 270 N. Y. 484; *American Equitable Corporation* v. *Parkhill*, 252 App. Div. 260.) The case of *Sears, Roebuck & Co.* v. *9 Ave.–31 St. Corp.* (274 N. Y. 388) and the other cases cited in petitioner's brief are distinguishable. In that case a final determination was involved. Here no final determination was made because the subject matter was remitted. In his brief petitioner has quoted the testimony of Mrs. Middleton. On cross-examination

she was asked: " What other work do you do? " She appealed to the chairman who told her that she was not required to answer. Petitioner excepted to the ruling and claimed that he was entitled to an answer on the question of credibility. On her direct examination the witness had given her name in full and her address. Petitioner had been furnished a bill of particulars. The witness described her dealings with petitioner and that ended her direct examination. The cross-examination as to what work she did except investigating had no relationship to her direct testimony or any connection with the case. It was an attempt to go into her private life and I think the chairman properly excluded it. The committee on grievance is not bound by the laws of evidence in its proceedings. (Education Law, § 1265, subd. 5.)

It seems to me that we ought not again to annul this determination on such a technical ground.

The determination should be confirmed.

FOSTER and LAWRENCE, JJ., concur with HILL, P. J.; HEFFERNAN, J., dissents in an opinion in which BREWSTER, J., concurs.

Determination annulled and matter remitted, with costs to the petitioner.