246

In the MATTER OF GEORGE ROTHENBERG, Petitioner, against BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondent.

Supreme Court, Special Term, Albany County, June 27, 1945.

*Brower, Brill & Tompkins* for petitioner.

*Nathaniel L. Goldstein, Attorney-General (Henry S. Manley* of counsel), for respondent.

RUSSELL, J. The petitioner applies for an order of this court restraining and enjoining the said Board of Regents of the University of the State of New York, and any of its committees or agents, from accepting and acting on the report, findings and recommendations of the Grievance Committee made to it herein

and dated January 11, 1945, and directing the said respondent to refrain and desist from revoking petitioner's license to practice medicine in the State of New York on the aforesaid report, findings and recommendations, dated January 11, 1945, and directing that the said respondent refrain and desist from taking any further disciplinary action on the charges referred to in the said findings, report and recommendations until the petitioner has had a fair and duly constituted hearing and trial on the said charges, according to law, and for such other and further relief as to this court shall seem just and proper.

The principal question on this motion is whether or not the Board of Regents has acquired jurisdiction to pass upon the record, findings and determination of the Medical Grievance Committee in view of the opinion of the Appellate Division which remitted the matter to the Board of Regents (267 App. Div. 24).

It is the contention of the petitioner that under the opinion of the Appellate Division the petitioner did not have a fair trial and that there was an insufficiency of competent legal evidence to justify the determination made.

The petitioner takes the position that the principal error on the trial was the refusal of the subcommittee to allow petitioner's counsel to examine written reports of the witnesses Lang, Aaron and Berg and to use them for cross-examination.

After the regents remitted the matter to the Medical Grievance Committee, said committee on January 11, 1945, made a new report to the Board of Regents. At this time the Medical Grievance Committee did not appoint a subcommittee and gave no notice to the petitioner or his counsel and took no new evidence except that to its report it appended the reports of the witnesses Lang, Aaron and Berg, which had been refused petitioner's counsel on the former hearing. The Medical Grievance Committee then reviewed the entire record and made new findings supporting its conclusion that the petitioner was guilty of the charges of Lang and Aaron and dismissed the Middleton charge.

On April 26, 1945, the Assistant Commissioner transmitted to the petitioner a copy of the new findings of the Grievance Committee, with notice that the committee of the regents handling disciplinary matters would consider the matter at a certain hour and place on May 16th in order that said petitioner could be heard in person or by counsel. (Education Law, § 51, subd. 1.) The petitioner instead of availing himself of this notice commenced this proceeding to enjoin the regents from acting.

In order for this court to pass upon the question of a fair trial, it would be necessary to review the evidence which, under section 1296 of article 78 of the Civil Practice Act, is the statutory function of the Appellate Division. The Board of Regents will have all the evidence before it upon the hearing, and it lies in its power to say whether or not the new findings and determination of the Grievance Committee have met and overcome the errors as stated in the opinion of the Appellate Division.

The petitioner also takes the position that irreparable damage will be done to him by permitting the findings and determination of the Grievance Committee to be passed upon by the Board of Regents instead of another trial, because the Board of Regents can only accept or modify the determination of the committee, provided the vote of said committee is unanimous. (Education Law, § 1265, subd. 4.)

However, one cannot circumvent the exhaustion of an administrative remedy by complaining that a complaint is groundless or that irreparable damage will follow. (*Myers* v. *Bethlehem Corp.*, 303 U. S. 41, 51.)

It is not for this court to apprehend what determination the Board of Regents will make. It cannot say whether it will be favorable or unfavorable to the petitioner.

There is nothing in the papers to convince this court that the Board of Regents lacks jurisdiction to pass upon the findings and determination of the Medical Grievance Committee. The petitioner must exhaust the administrative procedure provided by statute, before seeking relief in the courts.

The petitioner's rights are sufficiently protected by subdivision 5 of section 1265 of the Education Law, which permits him to obtain an order of certiorari for the purpose of reviewing the determination, and, upon application to the Appellate Division, a stay. (*New York State Electric & Gas Corp.* v. *Maltbie*, 147 Misc. 560, revd. 241 App. Div. 780, affd. 266 N. Y. 521.)

I am, therefore, of the opinion that the petition should be dismissed.

Submit order.