George Tilzer, J.
Plaintiff moves pnrsnant to rule 109 for an order striking out the separate defense.
The plaintiff is a “ qualified ” person and has brought this action to recover damages for personal injuries sustained by the plaintiff as a pedestrian and inflicted by a hit-and-run driver. In the defense it is alleged that plaintiff has failed to comply with sections 608 and 618 of the Insurance Law in that he failed to make a report of the accident as one caused by an “ unidentified motor vehicle ’ ’ within 24 hours after the occurrence to a police, peace or judicial officer in the vicinity or to the Commissioner (§ 608).
Heretofore the plaintiff alleged compliance with the requirements concerning the filing of notice of claim with the defendant, *977 Motor Vehicle Accident Indemnification Corporation, and thereupon made application to the Supreme Court to authorize the commencement of an action. Upon the motion, disposition was held in abeyance and the issue was referred to an Official Referee to hear and to report. The Referee reported and recommended as follows: “ I am satisfied that the plaintiff has made a sufficient showing of compliance with the provisions of sections 608 and 619 [618] of the Insurance Law and recommend that an order be granted permitting the plaintiff to bring an action against the defendant.” An order was entered thereon permitting the commencement of this action.
Section 618 of the Insurance Law provides that ‘1 any qualified person * * * may upon notice to the corporation, apply to the supreme court for an order permitting him to bring an action therefor against the corporation in such court, and the court may proceed upon such application * * * and may make an order permitting the applicant to bring such action against the corporation when the court is satisfied, upon the hearing of the application that ” (emphasis supplied), among other things, the applicant has complied with the requirements of section 608 of the Insurance Law as to notice.
Defendant urges that the prior order is not conclusive and constitutes only a preliminary showing of compliance and that the question of compliance with section 608 is an issue in the case and can only be determined by judgment. To support this contention, the defendant refers to Matter of Malitz (MV AIC) (N. V. L. J., Feb. 9, 1962, p. 12, col. 5) and Matter of Watts (MV AIC) (N. Y. L. J., June 1, 1961, p. 16, col. 3) in which the application for leave to sue was granted, with leave to MVAIC to set up as a separate defense the alleged failure of the plaintiff to properly inform the police. In further support of the contention that the issue of compliance is an issue in the case and can be determined only by judgment, the defendant in its affidavit cites Bannon v. Bannon (270 N. Y. 484) and American Equitable Corp. v. Parkhill (252 App. Div. 260); but those cases are not applicable, as, for example, in Bannon v. Bannon, the issue was one raised by a motion for temporary alimony and of course any issue decided on that motion is not conclusive on trial.
The report of the Referee was made following a full hearing at which witnesses were heard and cross-examination afforded both sides. The Referee, as noted above, was satisfied that the plaintiff had complied with the provisions of the Insurance Law as to notice. The report was confirmed by a Justice of this court, the defendant defaulting. No appeal was taken from the order entered. The resolution of the issue of notice, a condition *978 precedent to snit against the aeienciant, was a final adjudication "binding upon the parties. The matter is regarded as settled. To litigate the fact anew would impeach the first decision. The defendant has had its day in court. The motion is granted striking out the first separate and distinct defense.