■ In the Matter of HARRY ZIMMERMAN, Petitioner, v. BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondent.— HERLIHY, J. Proceeding initiated by the petitioner pursuant to article 78 CPLR for the purpose of reviewing a determination of the respondent, dated May 17, 1968, which suspended the petitioner's license to practice medicine for one year. The petitioner was suspended after a hearing on charges that he had on August 11, 1965 committed an abortion (second specification) and that he had on April 6, 1967 pleaded guilty to the crime of assault in the third degree (first specification). Both charges were made and prosecuted as violations of section 6514 of the Education Law. The first specification charged petitioner with being convicted of a crime, to wit, assault, third degree, in satisfaction of an indictment charging an abortion. As to this charge, the transcript of the testimony at the prior criminal trial was properly before the respondent to show the nature of the crime to which the petitioner was pleading guilty and upon the record as a whole, there is contained therein substantial evidence to support the finding of guilt as to being convicted of a crime. (See *Matter of Jones* v. *Allen,* 4 A D 2d 994.) The second specification charged petitioner with performing an abortion and as part of the proof, a transcript of the testimony of two witnesses at the criminal trial was offered and received. It was shown that the witnesses were residents of a foreign State; that testimony had been taken at a former trial, which involved the same subject matter where the witnesses had been cross-examined; and that there was an identity between the petitioner in the present proceeding and the defendant in the former trial. That the testimony is ordinarily admissible is beyond dispute. (CPLR 4517; Education Law, § 6515, subd. 5; *Fleury* v. *Edwards,* 14 N Y 2d 334.) The petitioner, however, contends that under the Education Law and decisions relating thereto, such prior testimony is inadmissible and cites section 6515 of the Education Law which, as pertinent, reads as follows: " 4. * * * and that the accused will have opportunity to appear either personally or by counsel at the hearing, with the right to produce witnesses, and evidence upon his own behalf, to cross-examine witnesses to examine such evidence as may be produced against him and to have subpoenas issued by the committee." Reliance is placed upon *Matter of Epstein* v. *Board of Regents* (267 App. Div. 27, revd. 295 N. Y. 154) and *Matter of Rothenberg* v. *Board of Regents* (267 App. Div. 24, mot. for lv. to app. den. 267 App. Div 852). (See, also, *Matter of Weinstein* v. *Board of Regents,* 267 App. Div. 4, revd. 292 N. Y. 682.) These cases make it clear that the right of cross-examination does not affect the admissibility of hearsay evidence, but does affect the question of whether or not such evidence constitutes " legal evidence " to support the determination reached. In *Matter of Stammer* v. *Board of Regents* (287 N. Y. 359, 365) the court stated: " However much latitude there may be in the handling and in the decisions of cases committed to other administrative tribunals, the Education Law (§ 1265, subd. 5) provides that the Committee on Grievances need not be bound by the laws of evidence in the conduct of its proceedings, but its determination must be founded upon sufficient legal evidence to sustain the same. Hearsay evidence alone does not meet the test. The evidence must be of probative character." Whether the proceedings be considered quasi-criminal in nature or not, the rules of evidence applicable are the same as in civil proceedings. In the present instance it is not a question of being satisfied beyond a reasonable doubt, but rather whether the record contains substantial evidence to sustain the specifications and charges therein. (See, *Matter of*

*Zuckermann*, 20 N Y 2d 430, 438, cert. den. 390 U. S. 925.) In regard to transcripts of prior testimony the present day concept is clearly defined in Weinstein-Korn-Miller, N. Y. Civil Practice (vol. 5, par. 4517.24, pp. 45–264–45–265) as follows: " A witness' former testimony is hearsay when used to prove the truth of the matters to which the witness testified; if used in other ways it is not hearsay. CPLR 4517, as did its predecessor, section 348 of the Civil Practice Act, removes prior testimony entirely from the operation of the hearsay rule when certain requirements are satisfied. Prior testimony is normally the most secure type of hearsay obtainable. Except for the inability of the jury to " size-up " the witness as he is actually testifying, all the safeguards of an oath, public testimony and an opportunity for cross-examination were present. Accordingly, the Advisory Committee expanded somewhat the availability of this exception by increasing situations in which an extra-judicial declarant will be considered unavailable under the rule." While it might be better procedure to have the record set forth in some detail the attempts made to procure the presence of the witnesses, in the present instance the fact that they are without the jurisdiction — which is not disputed — is self-explanatory. The present record does not demonstrate that the petitioner's rights were in any way violated, but to the contrary shows that he had a fair and impartial hearing and as to his guilt, there can be no question of doubt. In imposing a one-year suspension on each specification to run concurrently, it becomes apparent that the board gave major consideration to the character evidence produced on behalf of the petitioner and the penalty imposed was neither harsh nor excessive. Determination confirmed and petition dismissed, without costs. Gibson, P. J., Herlihy, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Herlihy, J.