■ In the Matter of HERMANN BUENO, Petitioner, v GORDON M. AMBACH, as Commissioner of Education of the State of New York, et al., Respondents. — Proceeding initiated in this court, pursuant to section 6510-a of the Education Law, to annul a determination of the Commissioner of Education revoking petitioner's license to practice medicine in New York State. Petitioner, a physician authorized to practice medicine in this State, was charged with gross incompetence or gross negligence in violation of subdivision (2) of section 6509 of the Education Law; unprofessional conduct in violation of subdivision (9) of

section 6509 of the Education Law; practicing the profession fraudulently in violation of subdivision (2) of section 6509 of the Education Law and unprofessional conduct in violation of subdivision (9) of section 6509 of the Education Law. The first two charges had their genesis in acts of gross negligence which occurred in the State of New Mexico resulting in the deaths of two patients and the severe illness of another, and unprofessional conduct involving sexual molestation of three female patients. The New Mexico Board of Medical Examiners revoked petitioner's license to practice in that State. The third charge relates to a finding of the Commission on Licensure to Practice the Healing Art in the District of Columbia that in 1973, 1974 and 1975, when petitioner filed his annual registration form, he falsely stated that no State had suspended or revoked his license. Petitioner's license to practice medicine in the District of Columbia was revoked. After a hearing before the New York State Board for Medicine, the petitioner was found guilty of all three charges and the board recommended that his license be revoked, but that revocation be stayed and that he be placed on indefinite probation. A Regents review committee accepted the findings of guilt but recommended that petitioner's license be revoked outright. The Board of Regents accepted the recommendation of the review committee and, thereafter, the Commissioner of Education ordered the revocation of petitioner's license. In this proceeding petitioner assigns as error the fact that the petition which leveled the charges against him contained evidentiary material in violation of section 230 (subd 10, par [b]) of the Public Health Law; that he was denied a fair hearing; that the findings are not supported by substantial evidence; and that the penalty of license revocation was excessive. While it is true that the findings of two State agencies were introduced at petitioner's hearing, the actual evidence of gross negligence and incompetence was adduced from the testimony of expert witnesses and from exhibits properly received in evidence. Since such testimony was not included in the charges, petitioner's claim of error in this regard is without merit. Next, petitioner's contention that he was denied a fair hearing is also meritless. While the procedural framework of the hearing left something to be desired, hearings of this nature are excluded from the strict application of the rules of evidence (Public Health Law, § 230, subd 10, par [f]). An examination of the record of the proceedings amply demonstrates that petitioner received a fair hearing. Since it is clear that misconduct in other jurisdictions can be the basis for a disciplinary action in New York *(Matter of Heller v Ambach,* 78 AD2d 951; *Matter of Miles v Nyquist,* 60 AD2d 133, 138, mot for lv to app dsmd 44 NY2d 789), and also that transcripts of the hearings in other jurisdictions were properly admitted into evidence (CPLR 4517; *Matter of Zimmerman v Board of Regents of Univ. of State of N.Y.,* 31 AD2d 560-561, mot for lv to app den 23 NY2d 647), we conclude that the contents of such transcripts, in addition to other testimony, constituted substantial evidence supportive of the findings of guilt. Lastly, since we cannot say that under the circumstances present here the penalty of license revocation is so disproportionate to the offense as to be shocking to one's sense of fairness *(Matter of Pell v Board of Educ.,* 34 NY2d 222, 233), we conclude that the penalty imposed was a proper discharge of respondent commissioner's duty to protect the public. Determination confirmed, and petition dismissed, without costs. Mahoney, P.J., Sweeney, Kane, Casey and Weiss, JJ., concur.