OPINION OF THE COURT
David Friedman, J.
The Motor Vehicle Accident Indemnification Corporation *963 (MVAIC) provides benefits to a person who is injured in a "hit and run” incident. Where the incident, however, constitutes an intentional vehicular assault MVAIC is not obligated to make payment to the victim. The issue here is at what point MVAIC must raise such a claim. I conclude that in order for MVAIC to avoid payment it must raise such a defense at the time the victim seeks leave to sue MVAIC pursuant to Insurance Law § 5218. If it fails to raise the claim at that time the defense is lost.
On June 29, 1986 plaintiff, a pedestrian, was struck by a vehicle and sustained injuries. Because this was a "hit and run” incident plaintiff sought to commence an action against MVAIC. As a prerequisite to commencing an action against MVAIC, Insurance Law § 5218 requires that leave to sue first be granted by the court and plaintiff sought such relief in the Supreme Court, Kings County. In opposition to plaintiff’s section 5218 motion defendant argued that leave to sue should be denied because plaintiff’s injuries resulted from an intentional vehicular assault and were therefore not covered by MVAIC. These allegations were supported by an affirmation from defendant’s attorney and a police report.
In an order dated October 1, 1987, the Supreme Court (Shaw, J.) determined that defendant had failed to raise an issue of fact requiring a hearing. Accordingly, plaintiff was granted leave to commence suit against MVAIC. Subsequently, the instant action was commenced and transferred to this court pursuant to CPLR 325 (d).
Defendant now moves for an order of preclusion on the grounds that plaintiff has failed to serve a bill of particulars and comply with certain discovery requests. Plaintiff cross-moves for summary judgment on the issue of liability and seeks to have the action set down for an assessment on damages.
As to the outstanding discovery, it appears that defendant is already in receipt of same. Furthermore, the motion is plainly tardy as the action is on the calendar and defendant’s explanations for making the motion at this time are inadequate.
Concerning the cross motion, plaintiff predicates entitlement to summary judgment upon the decision rendered on the section 5218 motion at the Supreme Court. Plaintiff argues that because of such decision defendant is precluded from asserting as a defense at trial that her injuries resulted from an intentional tort. Since this defense is unavailable summary *964 judgment on the issue of liability is in plaintiffs view mandated. MVAIC counters that it is not precluded from raising this defense at trial because the court hearing the section 5218 motion did not conclusively determine that the incident was accidental as opposed to intentional. Rather, it only found insufficient evidence at the time of the motion to warrant a trial on the issue. Furthermore, it is MVAIC’s position as set forth in its answer that the accident resulted from plaintiffs own culpable conduct and that her injuries do not even meet the threshold requirements of the "no-fault” law. Therefore, regardless of whether MVAIC is precluded at trial from asserting that the incident was intentional, it still has other defenses available to it.
In resolving the cross motion for summary judgment it must at the outset be recognized that MV AIC’s current position visá-vis intentional tort is based on no more than its original opposition to the section 5218 motion. While that reason alone should preclude MVAIC from again raising the claim, other applicable factors make reconsideration of the matter impermissible.
In this regard it is instructive to examine Insurance Law § 5218 (e) which provides the following: "[MVAIC] may generally deny the allegations of the complaint and shall not be required to set forth the facts upon which it relies. It may assert any defense which would have been available to the operator or owner if the action had been brought against them.”
This provision makes clear the inappropriateness of a blanket grant of summary judgment to plaintiff. By its answer MVAIC has certainly raised matters which may be pursued at trial. The question that does remain, however, relates to whether MVAIC may litigate at trial whether plaintiffs injuries resulted from an intentional vehicular assault.
As earlier indicated, Insurance Law § 5218 requires that leave of the court be obtained to commence suit against MVAIC. Subdivision (b) of section 5218 provides for the court to proceed upon such an application in a summary manner and to grant such relief after a hearing where one is necessary. Thus under section 5218 not only must leave be obtained before commencement of suit but issues relating to whether leave should be granted are to be resolved upon the application for leave (Matter of Mitchell v MVAIC, 82 AD2d 890; Parra v MVAIC, NYLJ, Dec. 17, 1992, at 23, col 5; D’Alexandris v MVAIC, 36 Misc 2d 976).
*965 Whether a claim by MVAIC of intentional vehicular assault must be decided before commencement of an action against it is not entirely clear from section 5218. While case law provides that MVAIC is not responsible for such conduct by a "hit and run” driver, section 5218 does not specifically mention the subject. (Valle v Blackwell, 173 AD2d 390; Matter of Fuscaldo [MVAIC], 24 AD2d 744.) Consistent with these cases is Insurance Law § 5208 which in discussing who may receive MVAIC protection speaks of accidents presumably omitting coverage for intentional conduct. In any event it would seem that a claim by MVAIC of intentional assault must be dealt with prior to commencement of the action.
This follows from subdivision (e) of section 5218 which only permits MVAIC to raise defenses that could be raised by a "hit and run” driver. Since a defense of intentional vehicular assault is not a defense which a "hit and run” driver could raise at trial MVAIC should also not be permitted to raise it. Thus the approach consistent with section 5218 (e) is that the claim of intentional vehicular assault must be raised at the time leave is sought and that the defense is unavailable at trial to MVAIC.
It should be noted that to find that the defense must be raised at the time leave is sought is not subject to attack on the ground that MVAIC may be unaware of it. After all to qualify for MVAIC coverage Insurance Law § 5208 (a) (2) (A) (i) requires a report to the police and a statement of the facts of the accident. In addition there would be the possibility of seeking disclosure on the subject for the purpose of the section 5218 motion (cf, CPLR 3102 [c]). Thus there is no prejudice to MVAIC in requiring resolution of the issue at the time the section 5218 motion is made with a hearing to be held where warranted.
In conclusion it appears that plaintiff is entitled to have her motion granted to the extent that MVAIC will be precluded at trial from raising as a defense intentional vehicular assault. The motion for summary judgment is otherwise denied.