# SUPREME COURT.

CHARLES McGUIRE, plaintiff in error, agt. THE PEOPLE, defendant in error.

*When writ of error frivolous — examination of witness.*

Where the question put to a witness is a proper one, and no objection made as to the answer, it not tending to connect the plaintiff in error with the offense charged, the writ cannot be sustained.

Where the cross-examination of a witness upon one subject has been unreasonably protracted, and a question is put which has no bearing upon the issue or upon the credit of the witness, the cross-examination may be closed, in the sound discretion of the court.

*First Department, General Term, October,* 1874.

WRIT of error to the court of general sessions, on a conviction for rape.

*William F. Howe,* for plaintiff in error.

*B. K. Phelps,* district attorney, for defendant in error.

BARRETT, J. — The plaintiff in error was jointly indicted with one Campbell for rape. Upon the trial, a witness was asked what McGuire said in the police court, when the charge was made by the complainant. The witness answered that McGuire made no reply, but that Campbell did, in McGuire's presence. He was then asked what Campbell said. No objection was interposed to this question, and the witness answered it. After the answer had been given, the prisoner's counsel stated that he objected " to the conversation," but did

McGuire agt. People.

not state upon what grounds, nor did he ask to have the answer stricken out, or disregarded by the jury. The court remarked that the question (which had not been objected to) was competent, to which remark there was no exception. Thereupon, the same question was repeated by the district attorney, in another form, and objected to as leading, whereupon the question was withdrawn and put in proper form. When so put, no objection was interposed, nor any remark made as to the answer which followed.

Anything more frivolous than the appeal upon this'ground it would be difficult to conceive. The question itself was a proper one (*Kelly* agt. *The People*, 55 *N. Y.*, 565); it was put and answered without objection or exception, and the answer did not tend to connect McGuire with the offense charged, or to prejudice him in the slightest degree.

But one other point is made in the case, and it is equally frivolous. One of the witnesses for the prosecution, after having been cross-examined at great length upon a variety of collateral matters, was finally interrogated respecting his business that evening. Even this the court permitted, and the inquiry was not checked until it was evident that it was being unreasonably protracted. The question — which was finally excluded — " Who was the person you went to see there ? " had no bearing upon the issue, or upon the credit' of the witness.

How far such a line of cross-examination should be permitted is a matter resting entirely in the sound discretion of the court, and we think that such discretion was wisely exercised in the present instance.

The conviction and judgment should be affirmed.

DAVIS, P. J., and DANIELS, J., concurred.