In the Matter of MAX EPSTEIN, Respondent, against BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Appellant.

Reargued October 23, 1945; decided January 25, 1946.

*Nathaniel L. Goldstein, Attorney-General (Henry S. Manley* and *Orrin G. Judd* of counsel), for appellant. I. A determination of the Board of Regents, made on the testimony of a paid investigator who purported to seek an abortion at peti-

tioner's office, although disputed by petitioner and others, is supported by substantial evidence. (*Matter of Weinstein* v. *Board of Regents,* 292 N. Y. 682.) II. The restriction upon cross-examination of one of the investigators was justified. (3 Wigmore on Evidence [3rd ed], § 781.) III. The stipulation for order absolute is not contrary to public policy in this case. (*Matter of Weinstein* v. *Board of Regents,* 292 N. Y. 589, 293 N. Y. 692; *Matter of Friedel* v. *Board of Regents,* 269 App. Div. 890; *People ex rel. Judson* v. *Thacher,* 55 N. Y. 525; *Friedman* v. *Friedman,* 240 N. Y. 608; *Matter of Decker* v. *Story,* 259 N. Y. 580; *People* v. *Dennison,* 84 N. Y. 272; *McCree* v. *Conger,* 77 N. Y. 432; *Flagg* v. *Moses,* 248 N. Y. 509.)

*I. Maurice Wormser* and *William Sadoff* for respondent. I. There is no substantial evidence to sustain the findings of the Board of Regents. The evidence is insufficient in law to sustain the charges and findings. II. The courts of this State have adopted a public policy in divorce cases that the testimony of private investigators and detectives should be received with great caution and minutely scrutinized. Ordinarily such evidence must be corroborated by facts and circumstances other than the mere testimony of other investigators. (*Moller* v. *Moller,* 115 N. Y. 466; *Yates* v. *Yates,* 211 N. Y. 163; *Winston* v. *Winston,* 34 App. Div. 460, 165 N. Y. 553.) III. The case of *Matter of Weinstein* v. *Board of Regents* (292 N. Y. 682) is not in point. IV. Petitioner's cross-examination of the investigator witness was unduly restricted by the chairman of the medical sub-committee, although no objection had been interposed by the prosecutor and although the proposed cross-examination was entirely proper. (*People* v. *Becker,* 210 N. Y. 274; *People* v. *Lustig,* 206 N. Y. 162; *Alford* v. *United States,* 282 U. S. 687; *Matter of Heaney* v. *McGoldrick,* 286 N. Y. 38; *Matter of Stammer* v. *Board of Regents,* 287 N. Y. 359.) V. The State Constitution (Art. VI, § 7, subd. 3) and the Civil Practice Act (§ 588, subd. 3) expressly authorize this form of appeal and make no exception therein. VI. The decision of this court in *Matter of Weinstein* v. *Board of Regents* (292 N. Y. 589, 292 N. Y. 682) is a precedent for the form of appeal and stipulation in this case.

MEDALIE, J. On proceedings before its Grievance Committee, the Board of Regents revoked Dr. Epstein's license to practice

medicine for agreeing to perform abortions. The Appellate Division annulled the determination and remitted the matter to the board for further proceedings (267 App. Div. 27). New findings were made without a new hearing and again the Appellate Division reversed. One ground of reversal was that the two women who testified against the doctor were employed by the Medical Grievance Committee as paid investigators and that, like private detectives in divorce cases, they require corroboration of which there was none. The other ground was that the chairman of the committee which conducted the hearing, on his own motion, refused to permit an inquiry as to what else one of the witnesses did for a living. Her employment by the Board of Regents was occasional. Where corroboration of private detectives is taken in divorce cases (*Winston* v. *Winston,* 165 N. Y. 553; *Yates* v. *Yates,* 211 N. Y. 163; *Moller* v. *Moller,* 115 N. Y. 466) it is because of a generally accepted suspicion which does not apply to public employees (*Cullinan* v. *Trolley Club,* 65 App. Div. 202; *Farley* v. *Bronx Bath & Hotel Co.,* 163 App. Div. 459). No corroboration was required here and the evidence of the two women investigators was sufficient. Discretion permitted the exclusion of the inquiry as to what other work one of the witnesses did. In any event, there was adequate opportunity to inquire as to the facts testified to by the two investigators. Under Education Law, section 1265, subdivision 5, the committee on grievances is not bound by the laws of evidence in the conduct of its proceedings. All that is required is that " the determination shall be founded upon sufficient legal evidence to sustain the same." That is the case here.

The stipulation for order absolute was validly given. (*Matter of Weinstein* v. *Board of Regents,* 292 N. Y. 589.)

The order of the Appellate Division should be reversed and the determination of the State Board of Regents confirmed, without costs.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, THACHER and DYE, JJ., concur.

Ordered accordingly.