In the Matter of HERMAN FRIEDEL, Respondent, against THE BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Appellant.

Argued April 18, 1947; decided May 22, 1947.

*Nathaniel L. Goldstein, Attorney-General (Henry S. Manley* and *Wendell P. Brown* of counsel), for appellant. There was no abuse of discretion in the limitations imposed upon cross-examination of the paid investigators. (*Matter of Epstein* v. *Board of Regents,* 295 N. Y. 154.)

*Harris B. Steinberg* and *R. L. Cherurg* for respondent. I. Respondent was deprived of substantial and fundamental rights by reason of the improper restrictions placed on his cross-examination of the paid investigators. Cross-examination is a fundamental right and not merely a rule of evidence which may be disregarded in administrative hearings. (*Matter of Hilfer* v. *Board of Regents,* 283 N. Y. 304; *Edwards* v. *United States,* 312 U. S. 473; *Alford* v. *United States,* 282 U. S. 687; *Interstate Commerce Comm.* v. *Louisville & Nashville R. R. Co.,* 227 U. S. 88; *Matter of Heaney* v. *McGoldrick,* 286 N. Y. 38; *Matter of Greenebaum* v. *Bingham,* 201 N. Y. 343; *Ott* v. *Board of Reg'n in Medicine,* 276 Mass. 566; *Ex Parte Ung King Ieng,* 213 F. 119; *O'Callahan* v. *Dermedy,* 197 Iowa 632; *Wichita R. & Lt. Co.* v. *Court of Industrial Rel'ns,* 113 Kan. 217; *Powhatan Mining Co.* v. *Ickes,* 118 F. 2d 105.) II. The excluded cross-examination consisted of proper and important lines of inquiry, and the Appellate Division correctly held that its exclusion was prejudicial error. (*Shuttleworth* v. *Shuttleworth,* 255 App. Div. 440; *People* v. *Marano,* 192 App. Div. 432, 232 N. Y. 569; *People* v. *Conroy,* 153 N. Y. 174; *People* v. *Webster,* 139 N. Y. 73; *People* v. *Eckert,* 2 N. Y. Crim. Rep. 470; *Shepard* v. *Parker,* 36 N. Y. 517; *People* v. *Blakeley,* 4 Park. Cr. Rep. 176; *Alford* v. *United States,* 282 U. S. 687; *Edwards* v. *United States,* 312 U. S. 473; *People ex rel. Packwood* v.

*Riley,* 232 N. Y. 283; *People ex rel. Fallon* v. *Wright,* 7 App. Div. 185, 150 N. Y. 444; *Rex* v. *Anderson,* 3 D. L. R. 317.)

DESMOND, J. Petitioner, a physician, was, after a trial conducted under the procedures described in section 1265 of the Education Law, found guilty of two violations of subdivision 2 of section 1264 of that Law (undertaking or engaging to perform criminal abortions), and suspended from the practice of medicine for six months. The hearings in the matter were held, pursuant to statute, before a subcommittee of the Committee on Grievances, a body of physicians (see § 1265) and the suspension was by the respondent Board of Regents, which approved the report and findings of the committee. On appeal to the Appellate Division, Third Department, that court reversed the determination and remitted the matter to the Board of Regents. The Appellate Division's *Per Curiam* opinion, and the concurring memorandum of one of the justices, show that the reversal was because of alleged illegal restriction, by the subcommittee, of the cross-examination by petitioner's counsel of the board's paid investigators, who were the principal witnesses against petitioner. The Board of Regents appealed to this court, stipulating for order absolute in the event of affirmance, under subdivision 3 of section 588 of the Civil Practice Act. (See *Matter of Epstein* v. *Board of Regents,* 295 N. Y. 154, 157.)

No assertion is made here that the proof was inadequate to support the determination of guilt. The whole question is as to the legality of rulings made by the subcommittee, which rulings had the effect of preventing or restricting cross-examination of the investigators, in certain particulars. The Appellate Division opinions do not disclose just which ruling of the subcommittee that court considered erroneous. However, counsel in their briefs here list for us the objections to cross-examination which were sustained at the hearings, and we take it that the Appellate Division found material error in some of those rulings.

The curtailed cross-examinations were those in which petitioner attacked the evidence given by four women, part-time employees of the State Education Department, who testified

to two instances in which petitioner, according to the witnesses, agreed to perform illegal abortions. Their versions of the facts were, at the hearings before the subcommittee, strongly attacked by contrary proof and by extended and searching cross-examination. In the course of that cross-examination the chairman of the subcommittee sustained objections to questions which sought to elicit from one or the other of the investigator-witnesses answers to the following:

1. Whether the witnesses went to petitioner's office and made the alleged arrangement with him in order to " trap " petitioner or to get him to " commit himself with respect to an abortion "? The witnesses had testified in great detail as to their employment by the State Education Department, their instructions from their superiors, the methods they used, and their purposes in approaching petitioner. Answers to the stricken questions would merely have put labels on conduct already sufficiently described, and so would have added nothing to the record.

2. Whether the witnesses knew that if they brought in such evidence " there would be a likelihood of punishment to be meted out to the Doctor "? We make the same comments as in No. 1 above.

3. What were the names of three physicians, not connected with this case, who had been investigated by one of the witnesses in 1943? The triers of the fact were well within their rights in preventing any such disclosure (see *Great Western Turnpike Co.* v. *Loomis,* 32 N. Y. 127; *La Beau* v. *People,* 34 N. Y. 223).

4. Who was the physician (not otherwise connected with the case) who furnished one of the investigators with a urine sample used by the investigator as part of the deception practised by her on petitioner? We think this effort to get the name of that other physician was properly thwarted by the subcommittee, for the reasons given in No. 3 above, and under the subcommittee's discretionary power to limit cross-examination, to which power we shall refer below.

5. Whether one of the witnesses had been engaged to be married to her present husband before her divorce from her former husband, and as to whether the husband of another witness knew that she permitted the physicians under investigation

to make examinations of her person? The first question was properly stricken under the rule of the *La Beau* case (*supra*) as being cross-examination on matters degrading to the witness. We think both questions were attempted incursions into the marital relations of the witnesses, matters surely not so material to the transactions under investigation as to make it error of law to exclude the questions.

We think there was no error of law in any of the above-listed rulings of the subcommittee. Therefore, there could be no reversal by the Appellate Division, which, under the oft-repeated rule, may annul such an administrative determination for errors of law only (*Matter of Epstein* v. *Board of Regents, supra; Matter of Miller* v. *Kling,* 291 N. Y. 65, 69). The disputed rulings by this subcommittee were all within that body's discretion, and the Appellate Division may not overrule the exercise of such administrative discretion (*Matter of Grade Crossings* [*N. Y. C. R. R. Co.*], 255 N. Y. 320). We do not mean to hold (and did not hold in *Matter of Epstein* v. *Board of Regents, supra*) that the right to cross-examine is less when the hearing is before such a board than when it is before a court (see *Matter of Greenebaum* v. *Bingham,* 201 N. Y. 343, 347). Cross-examination of adverse witnesses is a matter of right in every trial of a disputed issue of fact (*Alford* v. *United States,* 282 U. S. 691). That right has always been enforced by this court, and by its predecessors, from earliest times (*Greene* v. *Willis,* 1 Wend. 78; *Kissam* v. *Forrest,* 25 Wend. 651). That right, of course, can be exercised before administrative fact-finding tribunals, and denial thereof by such a tribunal is error of law (*People ex rel. Mayor* v. *Nichols,* 79 N. Y. 582, 588; *Matter of Greenebaum* v. *Bingham, supra; Matter of Packwood* v. *Riley,* 232 N. Y. 283; *Int. Commerce Comm.* v. *Louisville,* 227 U. S. 88). But once the right has been accorded, the extent of cross-examination rests largely in the discretion of the tribunal, whose exercise thereof is not reviewable unless abused (*White* v. *McLean,* 57 N. Y. 670, 671; *Rehberg* v. *Mayor of City of N. Y.,* 91 N. Y. 137; *McGuire* v. *People,* 48 How. Prac. 517; *Langley* v. *Wadsworth,* 99 N. Y. 61, 63; *People* v. *Braun,* 158 N. Y. 558, 569). Such is the general rule throughout the United States (see American Law Institute's Model Code of

Evidence, rule 105; 32 C. J. S., Evidence, § 548), although the English rule seems to allow the trial tribunal less leeway (*Regina* v. *Overton, Car. & Mar.* 655, cited in *Rex* v. *Anderson,* [1938] 3 D. L. R. 317, 320). It is clear, in any event, that, before administrative tribunals as before courts, in the State, the right of the party is no more than " to cross-examine * * * to a reasonable extent " (*Matter of Greenebaum* **v.** *Bingham, supra,* 201 N. Y. 343, 347). Unless there is a plain abuse of discretion, limitation is for the quasi-judicial tribunal, and the courts may not revise such a reasonable limitation, any more than they can revise any other such discretionary doings.

The record before us of the hearings before the subcommittee, in this case, show that there was lengthy cross-examination as to the facts of the alleged illegal conduct of the petitioner, and further lengthy cross-examination, intended to test and attack the credibility of the witnesses, as to collateral matters. The subcommittee, as the record shows, was not impatient or arbitrary. It did not so much cut short the inquisition, as try to keep it out of arid areas, unlikely to produce anything helpful. Its rulings, complained of here, were such as any careful judicial officer might make, in order to keep out of the case information as to the private lives of the witnesses, scandalous or embarrassing matter about other persons not involved in the case, and mere characterizations of facts already abundantly displayed. So to confine cross-examination is the prerogative of the Trial Judge or hearing officer. We see no abuse thereof in this record.

The order of the Appellate Division should be reversed and the determination of the Board of Regents confirmed, with costs in this court and in the Appellate Division.

Loughran, Ch. J., Lewis, Conway, Thacher, Dye and Fuld. JJ., concur.

Order reversed, etc.