THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ANTHONY JOSEPH RAMISTELLA, Appellant, et al., Defendants.

Argued January 12, 1954; decided March 11, 1954.

*George E. Mulry* for appellant.  I. It was error to receive the alleged statement of defendant Micalizzi, without immediately, specifically, unequivocally, properly and adequately instructing the jury that as a matter of law it was not admissible against codefendant Ramistella.  (*People* v. *Romano,* 279 N. Y. 392; *People* v. *Robinson,* 273 N. Y. 438; *People* v. *Esposito,* 224 N. Y. 370; *People* v. *Marendi,* 213 N. Y. 600; *People* v. *Altman,* 147 N. Y. 473; *People* v. *Smith,* 172 N. Y. 210; *People* v. *Rosenberg,* 276 App. Div. 547, 301 N. Y. 604; *People* v. *Fisher,* 249 N. Y. 419; *People* v. *Ryan,* 263 N. Y. 298; *People* v. *Chin Sing,* 242 N. Y. 419; *People* v. *Rosenthal,* 289 N. Y. 482; *People* v. *Sobieskoda,* 235 N. Y. 411; *People* v. *Ferraro,* 293 N. Y. 51.)  II. The Judge's charge covering the fifth count of the indictment was error.  (*People* v. *Baker,* 96 N. Y. 340; *People* v. *Cooper,* 224 App. Div. 145; *People* v. *Blanchard,* 90 N. Y. 314; *People* v. *Karp,* 298 N. Y. 213; *People* v. *Wreiden,* 299 N. Y. 425.)  III. It was error for the court to refuse to charge as requested by defense on guilty knowledge and intent.  (*People* v. *Lewis,* 275 N. Y. 33; *People* v. *Hayes,* 210 App. Div. 549.)  IV. The court in his charge on the fifth count instructed the jury appropriately if not sufficiently for the fourth count which had been dismissed. V. There was no evidence to support the larceny charged in the fifth count of the indictment.  VI. It was error to curtail the

court's examination of the People's witnesses. (*People* v. *McGuire*, 135 N. Y. 639; *People* v. *Richardson*, 222 N. Y. 103.) VII. The testimony of certain of the People's witnesses on defendant's motion should have been stricken from the record. (*People* v. *Evans*, 40 N. Y. 1.) VIII. The testimony of the witness who had testified differently in various judicial tribunals should be carefully and minutely scrutinized. (*People* v. *Lashkowitz*, 257 App. Div. 518.) IX. It was error for the court to refrain from reviewing in his charge the previous (inconsistent) sworn testimony of the People's witnesses. (*People* v. *Viscio*, 241 App. Div. 499.) X. Defendant did not receive a fair and impartial trial. (*People* v. *Robinson*, 273 N. Y. 438; *People* v. *Posner*, 273 N. Y. 184.) XI. The court's general attitude throughout the trial, particularly towards the defendant Ramistella and his attorney, entitles appellant to a reversal. (*People* v. *Corey*, 148 N. Y. 476.) XII. An inference cannot be based upon another inference. (*People* v. *Razezicz*, 206 N. Y. 249; *People* v. *Portman*, 215 App. Div. 282.) XIII. There was a fatal variance between the crimes charged and the proof offered. XIV. It was error to preclude questions on cross-examination of the so-called confidential number. XV. Defendant's motions to dismiss the three counts of the indictment made at the close of the People's case and renewed at the close of the entire case and the motions for a mistrial should have been granted. XVI. Defendant's motion to set aside the verdict should have been granted. XVII. Defendant's motion in arrest of judgment should have been granted. XVIII. The sentence of five to ten years' imprisonment on the first and third counts of the indictment and five to ten years on the fifth count of the indictment, said sentences to run consecutively and not concurrently, was excessive especially in view of the state of the record of the trial. (*People* v. *Miles*, 173 App. Div. 179; *People* v. *Naimark*, 154 App. Div. 761.)

*T. Vincent Quinn, District Attorney* (*Benj. J. Jacobson* of counsel), for respondent. I. Appellant was proven guilty beyond a reasonable doubt. (*People* v. *Galbo*, 218 N. Y. 283; *People* v. *Spivak*, 237 N. Y. 460; *People* v. *Di Lorenzo*, 301 N. Y. 374; *People* v. *Lobel*, 298 N. Y. 243.) II. Appellant received a fair and impartial trial, free of prejudicial error. (*People* v.

*Loomis,* 178 N. Y. 400; *People* v. *Rogan,* 223 App. Div. 242; *Vogel* v. *Gruaz,* 110 U. S. 311; *Lewis* v. *Roux Trucking Corp.,* 222 App. Div. 204; *People* v. *Walsh,* 262 N. Y. 140.)

FROESSEL, J. Defendant Ramistella appeals from his conviction on three counts of grand larceny, first degree. Between the afternoon of June 28 and 2:00 A.M. of June 29, 1949, a 1948 blue Cadillac convertible automobile owned by one Edith Sims was stolen from in front of her home in Forest Hills, Queens County. Two or three weeks later, said defendant attempted to sell a similar automobile to Larry Corsaro, a customer at the bakery shop of Ramistella's sister, at Flushing, Queens County. Eventually, Agatha and Joseph La Perla, Corsaro's sister and brother-in-law, purchased the car, paying therefor $3,400— $400 by way of a cash down payment, $800 cash shortly thereafter, paid in each case directly to Ramistella, and finally a check for $2,200 delivered to the codefendant, Micalizzi, in Ramistella's presence.

Ramistella had represented to the La Perlas that his friend, John Morrison, owned the car. Morrison was later identified by the La Perlas as Micalizzi, who was jointly tried with Ramistella and convicted on the same three counts of grand larceny. Micalizzi, however, has not appealed. In due time, an investigation by the authorities indicated that the car sold to the La Perlas was the one stolen from Mrs. Sims. She identified it by its make and color, its upholstery, the seat covers, an oil spot on the light colored top, and a suction cup ring on the dashboard.

On this appeal, defendant assigns eighteen errors alleged to have been committed by the trial court. Among them are at least two which dictate a reversal here. In the first place, in the fact pattern of this case, we think it was error for the Trial Judge, over defendant's objections and exceptions, to refuse to instruct the jury at the time Micalizzi's confession was read into evidence, that said statement was not binding on Ramistella (*People* v. *Marshall,* 306 N. Y. 223). That statement, made two years after the theft, definitely implicated Ramistella and charged him with another crime. Here it may be noted that at the instant trial, Micalizzi's confession and his oral statements to officials were apparently the only substantial evidence adduced

which was not available at an earlier trial of Ramistella alone (Micalizzi not then having been apprehended), at which the jury failed to agree on a verdict. Even with this additional evidence, the jury had the case ten hours before it reported agreement on a verdict.

Under all the circumstances, an appropriate instruction at the time the confession was read into evidence should have been given, and a refusal thereof was error which in our opinion seriously tended to prejudice Ramistella's case. We do not think the admonition given in general terms in the formal charge to the jury was sufficient to protect Ramistella from that prejudice; the harmful effect of the statement operating in the minds of the jury for two full days made it difficult for them to heed the belated caution (*People* v. *Carborano,* 301 N. Y. 39; *People* v. *Robinson,* 273 N. Y. 438).

A second error occurred when the Trial Judge prevented cross-examination as to the location of the so-called '' confidential motor number '' on the stolen automobile after evidence of that number had been introduced by the People. We are told that the motor number of automobiles is stamped in two places, one in plain view, the other in a secret location known only to car manufacturers, certain representatives of auto theft insurance companies and the police auto squads in the larger cities. The prosecution offered evidence to show that the motor number on the Sims car when it was stolen was 486214163; that on the car sold by Ramistella to the La Perlas the *visible* number, which had been tampered with, read 486220032; and that the number in the secret location was 486214163 — the same as that of Mrs. Sims' registration. This testimony, if believed, rather conclusively established that the car sold by Ramistella to the La Perlas was the stolen car in question. We have no way of knowing what weight the jury gave the other evidence identifying the car.

The argument of the People that this information must be kept secret in order to protect the public and to aid in the administration of penal justice is not persuasive. Even less compelling is the assertion that insurance companies will cease writing auto theft insurance if the confidential location is revealed. Neither the interests of the insurance companies nor the convenience of law enforcement agencies can justify depriv-

ing this accused of his constitutional right to cross-examine the prosecution's witnesses on so important a link in the case against him.

The right to cross-examine is basic in our judicial system (*Alford* v. *United States,* 282 U. S. 687; *People* v. *Becker,* 210 N. Y. 274, 304–305; *People* v. *Cole,* 43 N. Y. 508, 512–513), and has been from earliest times (*Matter of Friedel* v. *Board of Regents,* 296 N. Y. 347, 352). Although in the last-cited case we held that '' once the right has been accorded, the extent of cross-examination rests largely in the discretion of the tribunal, whose exercise thereof is not reviewable unless abused '', such a denial or limitation of cross-examination has been upheld only where it has related to collateral matters, or where the right itself has been abused (*Matter of Friedel* v. *Board of Regents, supra,* p. 352; *People* v. *Braun,* 158 N. Y. 558, 567–569; *McGuire* v. *People,* 48 How. Prac. 517; *White* v. *McLean,* 57 N. Y. 670, 671, opinion in 47 How. Prac. 193; *Langley* v. *Wadsworth,* 99 N. Y. 61, 63). Surely a Trial Judge cannot deprive a defendant of his constitutional right to inquire where, as here, the matter is directly relevant to the principal issues of the case against him (*People* v. *Becker, supra; Alford* v. *United States, supra; People* v. *Cole, supra*).

Even if the information in question were in any sense privileged, the People abandoned any such privilege by adducing on direct examination the discrepancy between the two motor numbers (*United States* v. *Andolschek,* 142 F. 2d 503, 506; *United States* v. *Beekman,* 155 F. 2d 580, 584; *United States* v. *Keown,* 19 F. Supp. 639; *United States* v. *Coplon,* 185 F. 2d 629, 638, certiorari denied 342 U. S. 920; see *People* v. *Schainuck,* 286 N. Y. 161; *Gordon* v. *United States,* 344 U. S. 414). One may not '' fill a gap in his own evidence by recourse to what he suppresses '' (*United States* v. *Coplon, supra,* p. 638; see, also, *United States* v. *Reynolds,* 345 U. S. 1, 12).

Of course the insurance companies and the police are free to use such confidential motor numbers in conducting their auto theft investigations. But in a court of justice they either must employ some other method of identifying the stolen car — as indeed they could have confined themselves to in this case — or, if the confidential number is used as evidence against the defendant, they must permit their witnesses to be cross-examined with

respect thereto, including its confidential location. A prosecution witness may not have immunity from defendant's fundamental right of cross-examination upon so vital a matter as identification on the ground that his evidence is an impenetrable secret.

A third error, not discussed in the briefs, occurred when the Trial Judge permitted the jury to find defendant guilty on both count one and count three of the indictment, each of which related to the theft of the Sims auto. Count one charges defendant with grand larceny under the special automobile theft statute (Penal Law, § 1293-a). But an act is a crime under that section *only if* the circumstances do not constitute larceny under any other section of article 122 (§§ 1290–1313) of the Penal Law. Since on count three the jury found defendant guilty under section 1290 of the Penal Law of the so-called common-law larceny, it could not have consistently found him guilty also on count one under section 1293-a of the Penal Law. Even though Ramistella was given only one sentence on the two counts, his record would show he was convicted of two separate and distinct crimes, only one of which he could have committed.

Defendant's objections with respect to the handling at the trial of the fifth count of the indictment, which charged defendant with stealing the cash and check from Joseph La Perla, are not well taken. Inasmuch as the fifth count alleges no false representations, and since it is undisputed that Joseph La Perla *voluntarily* parted with possession of the cash and check, section 1290-a of the Penal Law, as to " Pleading and proof ", would be applicable to this case (*People* v. *Lobel,* 298 N. Y. 243, 255). However, Ramistella's failure to object when the evidence of his false representations was offered prevents his now claiming the benefit of that section (*People* v. *Vanderborg,* 277 App. Div. 795, affd. 301 N. Y. 750).

As to the other contentions urged upon us by defendant's counsel, they are without substance or will no doubt be avoided on the new trial.

The judgments should be reversed and a new trial ordered.

LEWIS, Ch. J., CONWAY, DESMOND, DYE, FULD and VAN VOORHIS, JJ., concur.

Judgments reversed, etc.