In the Matter of VALERIE MOSER, Petitioner, v. BOARD OF EDUCATION of UNION FREE SCHOOL DISTRICT No. 5, TOWN OF HEMPSTEAD, Respondent.— Proceeding under article 78 of the Civil Practice Act, to annul the determination of the respondent Board of Education, made June 28, 1961 after a hearing, to the effect: (a) that the petitioner, a music teacher, had been willfully tardy in reporting for duty on 38 specified occasions — charge No. 1; (b) that she had failed to report, pursuant to direction, to assist in the supervision of a student examination — charge No. 4; (c) that she had improperly registered her time of arrival on one occasion — charge No. 6; and (d) that she had failed to maintain a complete " plan book " — charge No. 7; and dismissing her from her position as such music teacher. By order of the Supreme Court, Nassau County, made November 24, 1961, pursuant to section 1296 of the Civil Practice Act, the proceeding has been transferred to this court for disposition. Determination modified on the law and the facts, by dismissing charges Nos. 1 and 6, and by reducing the punishment on charges Nos. 4 and 7 from a dismissal to a three-month suspension. As so modified, determination confirmed, without costs. Findings of fact which may be inconsistent herewith are reversed, and new findings are made as indicated herein. With respect to charges Nos. 1 and 6, it is our opinion that there is no substantial evidence to show that petitioner was either willfully tardy on the specified dates or that she improperly listed her time of arrival as 7:59 A.M. on May 22, 1961 (cf. *Matter of Friedel* v. *Board of Regents,* 296 N. Y. 347; *Matter of Stammer* v. *Board of Regents,* 287 N. Y. 359). With respect to charges Nos. 4 and 7, we find, under all the circumstances presented by this record, that a dismissal is not warranted, and that the penalty of a three-month suspension is adequate (Civ. Prac. Act, § 1296, subd. 5-a; cf. *Matter of Mitthauer* v. *Patterson,* 8 N Y 2d 37). Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.

In the Matter of RAMROD REALTY MANAGEMENT Co., Appellant, v. ROBERT E. HERMAN, as State Rent Administrator, Respondent.— In a proceeding under article 78 of the Civil Practice Act, to annul the State Rent Administrator's determination which denied an application by the petitioner (the owner of the subject property), pursuant to the State Rent and Eviction Regulations (§ 33, subd. 5), for a rent increase based upon the purchase price of the property, petitioner appeals from an order of the Supreme Court, Kings County, dated November 6, 1961, which denied its petition and dismissed the proceeding. Order reversed on the law, with costs, determination annulled, and proceeding remitted to the State Rent Administrator for further hearings at which he should consider: (a) bona fide mortgage commitments by prospective lenders; and (b) the offer to submit comparable properties and impartial appraisals of the subject property (*Matter of Weiss* v. *Herman,* 16 A D 2d 432; *Matter of R. & S. Realty Co.* v. *Herman,* 16 A D 2d 954). Beldock, P. J., Ughetta, Kleinfeld, Brennan and Hill, JJ., concur.