## THIRD DEPARTMENT, MAY, 1963

### (May 7, 1963)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANTHONY J. BENEVENTO, JR., Appellant.— Appeal from a judgment of the County Court, Tompkins County, convicting appellant of the crime of larceny, first degree (3 counts). Appellant using an alias represented that he wished to purchase a 1956 De Soto automobile from one Robert W. Burleigh, Jr., and secured the loan of the car ostensibly to go to an eating establishment in Cortland. He went to Cortland and dined there but did not return with the car; instead he drove around the countryside until about 9:30 to 10:00 P.M. when he called Burleigh and told him he was on his way back. He did not return, however, and continued to drive around until he eventually went to sleep in the car. The following day he continued to drive around the countryside stopping at farms on the pretext of being interested in purchasing livestock. During his journey

he sold a pair of snow tires from the trunk of the car for spending money. That night he again slept in the car but the next morning he abandoned it at a gas station in Spencer. From Spencer he hitchhiked back to Ithaca where he was apprehended. Appellant has maintained that he had no intention of stealing the car and that the only reason he did not return the car was that he felt that Burleigh was wise to his ruse and he would therefore be picked up for parole violation. Appellant contends that a statement voluntarily signed by him at the State Police barracks subsequent to his arrest and before arraignment was improperly admitted into evidence on the grounds that he was entitled to counsel during this interrogation and that the failure to so advise him was violative of due process. We do not find that the law as presently constituted required advice in this case as to the availability of counsel prior to arraignment. (Cf. *People* v. *Di Biasi*, 7 N Y 2d 544; *People* v. *Noble*, 9 N Y 2d 571.) Additionally it is manifest in this case that no prejudice resulted from the admission of the statement since appellant took the stand himself and reiterated the same material in even greater detail than in the statement. Appellant also urges that the charges in the indictment were not sustained by adequate proof. As to the first count framed under section 1290 of the Penal Law appellant states that the charge must fall because the indictment alleges that the car was taken without consent of the owner and there was no such proof. Such is not the case. The first count merely stated that the common-law form of larceny had been committed with respect to the car, i.e., that appellant "stole and took from the possession of Robert W. Burleigh, Jr.". Nothing was said concerning consent in the first count nor was the lack of consent an essential element of the crime (see § 1290, subds. 1, 2). Appellant also argues that a charge of appropriating the car by use of fraudulent representation cannot be sustained because the false representation did not pertain to an existing circumstance but rather to a promise or intention not intended to be fulfilled. First it should be noted that while this is a correct statement of the applicable rule where the statutory crime of obtaining property by false pretenses is involved, such is not the case where the common-law crime of larceny by trick and device is involved (*Giannetto* v. *General Exch. Ins. Corp.*, 10 A D 2d 442). Judge HALPERN in *Giannetto* demonstrates this distinction with the following illustration (p. 445): " A simple example will illustrate the distinction. If one induces another to sell an automobile to him on credit by a false representation of his intention to pay for it, it is not a crime but if he induces a car rental company to rent a car to him on the false representation of his intention to use it temporarily and to return it, when, in fact, it is his intention to appropriate it, a charge of common-law larceny by trick and device may be predicated upon the false representation." Furthermore the present record contains sufficient proof of misrepresentation of past or present facts, i.e., that appellant was a well-to-do farmer, that he was in the market to purchase an automobile, that he had recently purchased another car, etc., to uphold a conviction based on the statutory crime of obtaining property by false pretenses. As we view the instant case, since appellant admitted appropriation of the property, his sole defense was his alleged lack of requisite larcenous intent. Appellant contends he had no larcenous intent either prior to the time he obtained possession of the car or thereafter when he had actually obtained possession but we cannot say that considering his action throughout the period involved the jury was required to believe him. Whether appellant continued in possession of the car merely because he was afraid to return it because he might be picked up for parole violation, as he claims, or whether he appropriated it for his own use and for that reason alone, was quite properly a question for the jury's determination. *People* v. *Alaboda* (198 App. Div. 41) is inapposite here since

in *Alaboda* there was no evidence whatsoever of the requisite criminal intent. While we agree with appellant's contention that it was error to allow the jury to convict him upon the inconsistent crimes charged in counts 1 and 3 (Penal Law, § 1290) and count 2 (Penal Law, § 1293-a) (*People* v. *Ramistella*, 306 N. Y. 379, 385) we do not find it necessary here to order a new trial it being sufficient that we reverse the conviction on the second count and dismiss that count (*People* v. *Daghita*, 301 N. Y. 223, 228). Judgment modified on the law to reverse the judgment of conviction on count 2 of the indictment and to dismiss said count and as so modified affirmed. Bergan, P. J., Coon, Herlihy, Reynolds and Taylor, JJ., concur.