■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JACK PHONVEILLE, Appellant.— Appeal by defendant from a judgment of the

Supreme Court, Kings County, rendered March 25, 1963 after a jury trial, convicting him of violations of article 33 of the Public Health Law (relating to narcotic drugs) and imposing sentence upon him as a multiple narcotic offender, pursuant to statute (Penal Law, §§ 1751, 1751-a). Judgment reversed on the law, and new trial granted. The findings of fact implicit in the jury's verdict have not been considered. In view of the facts and circumstances here presented, we are of the opinion that the trial court committed reversible error by limiting defendant's exercise of his constitutional right to cross-examine a witness who had testified against him. On cross-examination of such a witness, the defendant should be given wide scope in probing his credibility with respect to the most relevant issue in the case (*People* v. *Ramistella,* 306 N. Y. 379; *People* v. *Barca,* 9 A D 2d 920). This error was further aggravated by the obvious lack of candor on the part of the witness, who was a police officer. The District Attorney has joined in the request for a reversal of the judgment and a new trial. Beldock, P. J., Kleinfeld, Christ, Hill and Rabin, JJ., concur.