THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MICHAEL CASSISA, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered February 15, 1963 after a jury trial, convicting him of two counts of robbery in the first degree, two counts of grand larceny in the second degree, one count of grand larceny in the first degree, and two counts of assault in the second degree, and imposing sentence. Judgment affirmed (Code Crim. Pro., § 542). Beldock, P. J., Ughetta, Christ, Hill and Rabin, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANK COLE, Also Known as FRANK DOUGLAS FREELAND, Appellant, v. W. CECIL JOHNSTON, as Superintendent of Matteawan State Hospital, Respondent. THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANK COLE, Also Known as FRANK DOUGLAS FREELAND, Appellant, v. MAYNARD ALLEN, as Warden of Westchester County Jail, Respondent.— In two habeas corpus proceedings, the relator appeals from: (1) an order of the Supreme Court, Westchester County, dated March 29, 1962; and (2) an order of the Supreme Court, Dutchess County, dated February 18, 1963, each of which dismissed the writ after a hearing and remanded the relator to custody. Appeal from order dated March 29, 1962 dismissed, without costs, as moot. It appears that during the pendency of the appeal from such order, relator was committed to Matteawan State Hospital and that he is no longer in the custody of the Warden of the Westchester County Jail, to whom the writ of habeas corpus was addressed. Order dated February 18, 1963 reversed on the law, without costs, and proceeding remitted to the Supreme Court, Dutchess County, for the purpose of: (a) holding a further hearing; and (b) making a determination *de novo* on the basis of the proof adduced upon such hearing. No questions of fact were considered. By writ of habeas corpus relator sought his release from Matteawan State Hospital, where he had been committed for lack of capacity to understand the charges against him or to defend against them (Code Crim. Pro., § 658 *et seq.*). Upon the hearing relator was not allowed to produce evidence in his behalf or to cross-examine the only witness against him. We consider this to be reversible error (see *Matter of Friedel* v. *Board of Regents,* 296 N. Y. 347). Beldock, P. J., Ughetta, Brennan, Hill and Hopkins, JJ., concur.