■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS CARR, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, entered April 8, 1963 after a jury trial, convicting him of the violation of the Public Health Law with respect to narcotic drugs, as a felony and as a misdemeanor (Penal Law, §§ 1751, 1751-a), and imposing sentence upon him as a second felony offender. Judgment reversed on the law and a new trial granted. The findings of fact implicit in the jury's verdict have not been considered. As in *People* v. *Phonveille* (22 A D 2d 814, 815), we think that under the facts and circumstances here presented, the trial court committed reversible error by reason of the limitations which it placed upon defendant's cross-examination of Officer Waterman with respect to a previous purchase of narcotics made on July 10, 1962. As stated in the *Phonveille* case (*supra*): " On cross-examination of such a witness, the defendant should be given wide scope in probing his credibility with respect to the most relevant issue in the case (*People* v. *Ramistella*, 306 N. Y. 379; *People* v. *Barca*, 9 A D 2d 920)." Beldock, P. J., Ughetta, Christ, Hopkins and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH C. MOORE, Also Known as JOSEPH BELL, Appellant.— Appeal by defendant from a judgment of the County Court, Nassau County, rendered June 30, 1964 after a jury trial, convicting him of burglary in the third degree, and imposing sentence. Defendant's conviction was based, in part, upon his alleged confession which, on the trial, the defendant contended had been coerced. The issue as to whether the confession was voluntary or involuntary was submitted to the jury. In the light of the recent decision of the Supreme Court of the United States (*Jackson* v. *Denno*, 378 U. S. 368), on this court's own motion this action is remitted to the trial court for further proceedings in accordance with the procedure prescribed by this court in its decisions of December 21, 1964 (see, e.g., *People* v. *Davis*, 22 A D 2d 921), as modified and amplified by the Court of Appeals in its subsequent decision (*People* v. *Huntley*, 15 N Y 2d 72). In the interim, the pending appeal in this action will be held in abeyance. Ughetta, Acting P. J., Christ, Brennan, Hill and Rabin, JJ., concur.