■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. COLUMBUS MURPH, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered March 10, 1970, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. The findings of fact implicit in the jury's verdict have not been considered. In our opinion, the trial court committed error in limiting the scope of the cross-examination of the prosecution's principal witness. That witness, who has a history of violent behavior, had the opportunity herself to commit the homicide of which defendant was found guilty. Under these unusual circumstances, it was highly prejudicial to refuse to permit cross-examination of the witness as to whether she had a motive for killing the deceased (*Green* v. *State,* 258 Ala. 471). Such inquiry was relevant to the vital issues in the case (cf. *People* v. *Ramistella,* 306 N. Y. 379). Munder, Acting P. J., Martuscello, Latham, Shapiro and Brennan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HORACE RIDDICK, Also Known as JAMES CLAY, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered October 21, 1970 on resentence, *nunc pro tunc* as of January 13, 1954. Judgment affirmed. At the time of resentence, appellant was denied a hearing on his claim that he had been denied the right to appeal from an earlier conviction. That decision was correct (*People* v. *Lynn,* 28 N Y 2d 196). Martuscello, Acting P. J., Shapiro, Gulotta, Christ and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RAY STEVEN SMITH, Appellant.— Order of the Supreme Court, Kings County, dated May 5, 1970, affirmed. (Cf. *People* v. *Smith,* 32 A D 2d 894.) Hopkins, Acting P. J., Latham, Shapiro, Christ and Brennan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LEROY WILLIAMS, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered September 24, 1970, convicting him of manslaughter in the first degree, upon a plea of guilty, and imposing sentence. Judgment reversed, on the law, and case remitted to the Criminal Term for resentencing in accordance with the views expressed herein. We are of the view that the court was obligated on this record to order the physical examination provided for by section 207 of the Mental Hygiene Law before it imposed sentence (see *People* v. *Sczerbaty,* 37 A D 2d 428). Rabin, P. J., Hopkins, Munder, Martuscello and Christ, JJ., concur.