■ The People of the State of New York, Respondent, v Richard P. Ragone, Appellant. — Casey, J. Appeal from a judgment of the County Court of Saratoga County (Lomanto, J.), rendered May 25, 1984, upon a verdict convicting defendant of the crimes of rape in the first degree and sodomy in the first degree (two counts).

Defendant maintains on this appeal that the highly emotional manner in which the victim testified before the jury to defendant's forcible rape and sodomy mandates reversal of his conviction. In view of the appropriate curative instructions given by

the trial court in regard to this testimony, no basis for reversible error exists. Significantly, there is no suggestion that emotionalism by the victim was instigated or prompted by the prosecution and there is no way of ascertaining the effect, if any, that it had on the jury, who ultimately had the duty of determining the degree of weight to be given the victim's testimony.

Additionally, defendant claims that his cross-examination of the victim was impermissibly limited by rulings of the trial court. During the course of cross-examination, and without attempting any foundation, defendant asked the victim if she had ever been treated by a psychiatrist or psychologist prior to the date of defendant's crimes. We believe that the trial court properly sustained the prosecution's objection to this question in the absence of any proposed foundation of its basis or relevance. Even on this appeal, defendant has failed to show whether there had been any such treatment and, if so, how it could have affected the conduct or credibility of the victim. Cross-examination to determine the accuracy or credibility of a witness is largely a matter that lies in the discretion of the trial court (*People v Ramistella,* 306 NY 379, 384), and no abuse of such discretion has been shown in these circumstances. Apparently, defendant believes that such an inquiry is a matter of right. We do not perceive this to be the law on matters of credibility and, accordingly, find no substantial error in the exclusion of such a question by the trial court's ruling.

The victim of these crimes was the manager of the Crescent Apartments complex in the Town of Clifton Park. On August 16, 1983, defendant and his girlfriend went to this complex and inspected a model apartment with the intention of renting an apartment. Apparently the apartment was not satisfactory, for defendant and his girlfriend, on the same day, put a $375 deposit on an apartment in Albany County. The next day, defendant, contrary to a note he had left for his girlfriend that he was working overtime and then going to a laundromat, returned to the Crescent Apartments at about 2:30 P.M. and asked the manager for a second look at the model apartment. When defendant and the manager arrived at the apartment, defendant locked the door behind them and forcibly raped and sodomized the manager. The maintenance personnel at the complex recognized the manager's screams and rescued her. In these circumstances, the prison sentence of 12½ to 25 years imposed on defendant as a predicate felon, resulting from a prior 1977 felony conviction in California, is justified. The judgment of conviction should be affirmed.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.