■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD HILL, Appellant.—Judgment, Supreme Court, New York County (Thomas B. Galligan, J.), rendered November 14, 1988, convicting defendant, after a jury trial, of grand larceny in the fourth degree and criminal possession of stolen property in the fifth degree and sentencing him to an indeterminate term of imprisonment of from 2 to 4 years and a definite term of one year, respectively, unanimously affirmed.

The complainant, asleep on a park bench, awoke when he felt someone pulling at his hand. Defendant and another man, who were about five feet away, began to walk away. The complainant noticed his ring was missing and chased one of

the men, who, when stopped by the complainant, said that the "other one", indicating defendant, had the ring. When the complainant caught up with defendant and asked for his ring back, defendant stated that he wanted three or five dollars for it, at which point the complainant held defendant for the police. The responding officers had seen the complainant chase defendant. In response to the officers' questioning, defendant denied having the ring. Eventually, defendant handed the ring over to the officers but then asked for his "three or five dollars" back. Later, after he was handcuffed, defendant asked "am I going to get my ten dollars back?"

Defendant claims that as a result of the trial court's rulings he was frustrated in his attempt to show that he might have purchased the ring directly from the complainant. Specifically, defendant argues that he was precluded from questioning the complainant about his relations with his family. When, for instance, defense counsel attempted to question the complainant about whether he had a fight with his wife, the People's objection was sustained. Objections to other inquiries along these lines were similarly sustained. Defendant has no cause to complain. His failure to develop his theory that the complainant sold him the ring was due to the complainant's vehement denial that he intentionally parted with his ring, not to any improper limitation on his right to cross-examine. The extent of cross-examination rests largely in the discretion of the trial court. (People v Sorge, 301 NY 198, 202.) On our review of the record, we find that the trial court did not abuse its discretion in its rulings, which finding concludes our inquiry in that regard. (Matter of Friedel v Board of Regents, 296 NY 347, 352.)

We have considered defendant's other contentions and find them to be without merit. Concur—Murphy, P. J., Sullivan, Milonas, Rosenberger and Asch, JJ.