■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT MARTINEZ, Appellant.—Judgment, Supreme Court, New York County (James Leff, J., at jury trial and sentence), rendered June 26, 1989, convicting defendant of burglary in the third degree and sentencing him as a second felony offender to a term of imprisonment of 3-½ to 7 years, unanimously affirmed.

Evidence adduced at trial was that police responding to a burglary-in-progress call discovered defendant hiding inside a locked clothing store premises. A basement window of the premises had been broken, and merchandise was strewn about. Various tools and a flashlight were recovered just outside of the broken window, as was the store safe, which had been broken into.

The trial court did not abuse its discretion in permitting cross-examination of defendant to clarify defendant's contradictory testimony that another man had broken into the premises just before defendant happened along, or that two other men had been involved (see, e.g., People v Hill, 161 AD2d 506, lv denied 76 NY2d 858).

Defendant's claim that the prosecutor's summation comments denied him a fair trial is meritless. As the defense summation focused on credibility, and indeed referred to defendant's testimony as a "story", the prosecutor's summation comments regarding that "story" constituted appropriate response (see, People v Marks, 6 NY2d 67, cert denied 362 US 912), and fair comment on the evidence, presented within the broad bounds of rhetorical comment permissible in closing argument (see, People v Galloway, 54 NY2d 396).

Defendant failed to object to the trial court's charge regarding reasonable doubt and thus failed to preserve the issue for appellate review as a matter of law (CPL 470.05). In any event, the trial court properly instructed the jury on burden of proof, explaining that a reasonable doubt is one based on reason, arising out of the evidence or lack of evidence, and that defendant must be acquitted if the People do not meet their burden of proof beyond a reasonable doubt. In this context, the isolated phrase objected to on appeal that a reasonable doubt is "an honest doubt that leaves a juror's mind in a state in which he or she may say that they are prevented from believing the defendant guilty" does not render the charge as a whole improper (see, People v Thomas, 50 NY2d 467).

We have considered defendant's remaining claims and find them to be without merit. Concur—Murphy, P. J., Carro, Wallach and Asch, JJ.