■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AUDELIZ VILLEGAS, Appellant. [602 NYS2d 44] —Motion to amend this Court's unpublished decision and order entered June 3, 1993 (Appeal No. 49189) is granted to the extent of recalling and vacating said decision and order and substituting the new decision and order, as follows:

Judgment, Supreme Court, Bronx County (George D. Covington, J.), rendered January 30, 1991, convicting defendant,

after jury trial, of robbery in the second degree, criminal impersonation in the first degree, and criminal possession of stolen property in the fifth degree, and sentencing him to concurrent terms of imprisonment of 5 to 15 years, 1⅓ to 4 years, and 1 year, respectively, unanimously affirmed.

The trial court appropriately exercised its discretion in denying severance in this matter, where the prosecutor indicated that defendant's statement would not be introduced on the People's direct case; where proof against each defendant was supplied by the same evidence; and where the defense raised by defendant and the codefendant was identical *(People v Mahboubian,* 74 NY2d 174, 183). The trial court also properly precluded introduction of those portions of defendant's statement that were inculpatory with respect to the codefendant *(Bruton v United States,* 391 US 123), but permitted cross-examination of defendant through the use of only those portions of the statement that bore directly upon defendant's testimony in connection with his own involvement in the crimes charged *(People v Rivera,* 58 AD2d 147, *affd on opn below* 45 NY2d 989). The prosecutor's use of portions of defendant's statement to impeach his credibility did not entitle defendant to introduce the entire statement *(see, People v Ramos,* 70 NY2d 639).

We have reviewed defendant's additional claims of error regarding the trial court's evidentiary rulings and find no abuse of discretion *(People v Hill,* 161 AD2d 506, 507, *lv denied* 76 NY2d 858). Nor do we find an abuse of discretion in sentencing *(People v Farrar,* 52 NY2d 302).

Defendant's additional claims of error were previously rejected by this Court in deciding the appeal of codefendant Mario Villegas *(People v Villegas,* 190 AD2d 593). Concur— Murphy, P. J., Sullivan, Kupferman and Kassal, JJ.