■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID GREEN, Appellant. [683 NYS2d 494] —Judgment, Supreme Court, New York County (James Leff, J.), rendered June 12, 1996, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him, as a second violent felony offender, to a determinate term of 10 years, unanimously affirmed.

Reading the court's instruction as a whole, we conclude that the court did not undermine defendant's ability to present his defense of no forcible taking, nor did it evince a disbelief in defendant's trial testimony, when it charged the jury that "claim of right" was not a defense in this case. A fair reading of the record establishes that defendant's testimony and defense counsel's summation suggested the defense of claim of right.

Although defendant did object during the court's supplemen-

tal charge to the court's decision to permit the jury to take notes, his failure to object based upon his present claim that the court's cautionary instructions were inadequate is unpreserved for appellate review (*People v Stewart*, 81 NY2d 877, 878; *People v Tucker*, 153 AD2d 164, 168, *affd* 77 NY2d 861), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the cautionary instruction provided by the court regarding note taking adequately advised the jurors that they were not to rely upon any individual juror's notes (*see, People v DiLuca*, 85 AD2d 439, 445).

Defendant's request that the court deliver the reasonable doubt charge found in the Pattern Criminal Jury Instructions (1 CJI[NY] 6.20, at 248) has only preserved his claim that the court should have employed that specific language, and although that is the preferred phrasing, such phrasing is not mandatory (*People v Cubino*, 88 NY2d 998). By failing to except to the reasonable doubt charge actually delivered, defendant failed to preserve his separate claim that the charge contained prejudicial language (*People v Hoke*, 62 NY2d 1022), and we decline to review it in the interest of justice. Were we to review this claim, we would find as this Court previously held in *People v Martinez* (178 AD2d 369, *lv denied* 79 NY2d 950), involving the precise language challenged herein, that the court's charge as a whole was proper. Further, "[t]he mere use of 'wavering minds' language in a reasonable doubt charge does not warrant reversal where the charge as a whole correctly conveyed the meaning of a reasonable doubt" (*People v Grandy*, 197 AD2d 379, *lv denied* 82 NY2d 895).

We have considered and rejected defendant's other claims. Concur—Ellerin, J. P., Nardelli, Rubin and Saxe, JJ.